W. H. FIELDER, JR., V. THE STATE.

No. 23517. Delivered January 8, 1947.

*Polk Shelton* and *Coleman Gay*, both of Austin, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of perpetrating a nuisance, and by a jury was fined $100.00.

There is practically but one question presented to us in this appeal.

The gist of the complaint and information herein alleges that appellant "did then and there unlawfully suffer to be and remain on premises then and there in his possession and under his control certain substances, and things and conditions injurious to the health of all those persons who then and there reside in the vicinity of said premises, which said substances and other matters and things were, to-wit: dead animals, animal entrails, animal bones, and other waste parts of animals which are not protected from flies and other germ carriers, and which products are cooked causing offensive odors," etc.

It was contended by appellant that this charging part of the pleadings was duplicitous in that it charged in the same count more than one way of committing the same offense, this matter being brought to the attention of the trial court in a motion to quash this pleading; and again, it was further emphasized by means of objections to the court's charge to the jury, and also in certain requested refused special charges which eliminated the last allegation relative to the cooking of such products causing offensive odors. We think the cooking portion of such complaint and information could be eliminated, and we would still have present enough allegations to come within the denunciation of Article 695, P. C. There would still be present the allegation that on the premises under his control appellant suffered to be and remain dead animals, animal entrails, bones, and waste parts thereof not protected from flies and other germ carriers. However, we do not mean to hold that the cooking of such products and the odors arising therefrom, if injurious to health, would not also be a proper allegation in alleging a nuisance under the statute, such being only a method or manner in which such carcasses remained on such premises.

The testimony was rather full and comprehensive that the carcasses of dead animals were brought onto these premises in trucks, as well as barrels with entrails therein, such entrails sometimes being spilled onto the ground, which proved a great attraction to large green flies, and that flies sometimes "as thick as bees" swarmed over these carcasses; that the green flies infested the neighborhood, sometimes so thick that they destroyed young fruit on the trees and garden produce; that these carcasses or parts thereof were sometimes cooked and that the odors therefrom were highly offensive, in some instances causing persons to vomit, especially when the wind was blowing in certain directions.

True it is that appellant claimed in his testimony that he never processed whole carcasses on these premises, but only portions thereof; that all was done in a scientific and sanitary manner; that all utensils used were disinfected and strong disinfectants continually used in all their operations, including the killing of flies; that no odor could come through the smoke complained of; that his plant was constructed in as sanitary a manner as possible, and that such dead bodies were processed as near free of odor as possible.

In the case of McNeese v. State, 180 S. W. (2d) 164, we held that the power to enact Article 695, P. C., was inherent in a sovereignty in that it was the inherent power to protect the health, safety and life of its citizenry; and although the citizen has an inherent right to the use and enjoyment of his property, that right exists only so long as the use made of it does not interfere with the rights of others, and such enjoyment right is, of course, subject to the police power. See 9 Tex. Jur. p. 521, sec. 89.

It seems that there are some forty to fifty families residing within what might be called the vicinity of this processing plant, some of whom complained of this matter as being nauseating, unhealthful and injurious to health.

We express the opinion that the complaint and information correctly charged an offense under the statute, and the testimony established such allegations; that the trial court correctly charged the law herein.

Thus believing, the judgment is affirmed.