R. S. BALLENGER, Appellant,

v.

CITY OF GRAND SALINE, Appellee.

No. 3247.

Court of Civil Appeals of Texas.

Waco.

March 17, 1955.

Wynne & Wynne, Wills Point, for appellant.

Enoch G. Fletcher, Grand Saline, for appellee.

HALE, Justice.

Appellee, the City of Grand Saline, sought by this suit to enjoin appellant from operating an extensive chicken house within the corporate limits of the City on the ground that the same constituted a nuisance which endangered the health of all the residents of the area where it was located. The case was tried without a jury and resulted in judgment for appellee. Appellant says in effect that the court below erred in enjoining him from the further maintenance of his chicken house because such

use of his property constituted only a private nuisance as distinguished from a public nuisance. We cannot agree with this contention.

Appellee alleged in substance that appellant was a wholesale dealer in chickens; that in the pursuit of his business he erected a chicken house within a residential section of the City, the house being a temporary structure consisting of "a big pen covered by a huge roof," this house or pen being adjacent to Green Street; that in the operation of his chicken house appellant loads and unloads chickens at all hours of the night, permits refuse, offal and feathers to accumulate therein and allows dead chickens to lie around the premises to such extent as to become a breeding place for flies; that the noises and foul odors emanating from the chicken house are such as to disturb the residents of the entire neighborhood, the noises keeping them awake at night and the foul odors making it impossible for them to sit in comfort on their porches or to eat their food without closing the doors and windows of their homes; "that the dead chickens, the refuse from the chickens, the offal, and the decayed eggs together with the flies create a hazard which endangers the health of all the residents of this area." Appellee introduced evidence tending to support the foregoing allegations.

Although neither party to the suit requested the trial court to file findings of fact and conclusions of law, the court found in the judgment, among other things, that appellant kept as many as three to four thousand chickens at the same time in his chicken house which was located in a residential section of the City; that dead chickens and loose feathers were allowed to lie on the ground; that odors emanating from the chicken house pervaded the area where it was located, such odors being unpleasant, obnoxious and offensive to people living in said area; that approximately sixteen residences occupied by families were located in the area affected by the odors from the chicken house; and that, by reason of its location and the manner of its operation, the chicken house was a detriment to the comfort and a threat to the health of the people living in that vicinity of the City.

The use of property may be such as to constitute only a private nuisance, as distinguished from a public nuisance, or it may constitute both a private and a public nuisance. A nuisance is said to be private when the injury resulting therefrom violates only private rights and produces damage to only one person or to not more than a few persons. On the other hand, a public nuisance is one which disturbs or injures the inhabitants of an entire community or a considerable portion thereof. See: 31 Tex.Jur. p. 413, Sec. 4 and authorities; 39 Am.Jur., pages 284 et seq., Secs. 7–10 and authorities; 66 C.J.S., Nuisances, § 2, pages 730 et seq., and authorities.

Art. 1015 of Vernon's Tex.Civ. Stats. expressly empowers the governing body of any city, town or village "to abate all nuisances which may injure or affect the public health or comfort in any manner they may deem expedient." From the pleadings, the evidence and the express and implied findings of fact in this case, we think the trial court was warranted in concluding that the operation of appellant's so-called chicken house constituted and was, both in fact and in law, a public nuisance which appellee was entitled to have abated through the issuance of a perpetual injunction. 2 Dillon on Municipal Corporations, 5th Ed., p. 1050, Sec. 693; 3 McQuillin, Municipal Corporations, 2nd Ed., p. 189, Sec. 967; 39 Am.Jur., p. 347, Sec. 64; 66 C.J.S., Nuisances, § 33, page 787; City of Belton v. Central Hotel Co., Tex. Civ.App., 33 S.W. 297; City of Belton v. Baylor Female College, Tex.Civ.App., 33 S.W. 680; McNeese v. State, 147 Tex.Cr. R. 310, 180 S.W.2d 164; Fielder v. State, 150 Tex.Cr.R. 17, 198 S.W.2d 576; City of Dallas v. Halbert, Tex.Civ.App., 246 S.W.2d 686, er. ref. n. r. e.; City of Ft. Smith v. Western Hide & Fur Co., 153 Ark. 99, 239 S.W. 724; Potashnick Truck Service, Inc., v. City of Sikeston, 351 Mo. 505, 173 S.W.2d 96.

The judgment of the court below is affirmed.