**HOUSTON COMPRESSED STEEL CORP.**
d/b/a Byer's Barge Terminal
et al., Appellants,

v.

**The STATE of Texas et al., Appellees.**

No. 15638.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 25, 1970.

Rehearing Denied July 23, 1970.

Edward L. Lasof, Houston, for appellants.

Joe Resweber, County Atty., James R. Doxey, Asst. County Atty., Houston, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Roger B. Tyler, Vince Taylor, Malcom Smith, Richard W. Chote, Asst. Attys. Gen., Austin, for appellees.

PEDEN, Justice.

Appeal from two orders temporarily enjoining the appellants from outdoor burning of railroad boxcars as prohibited by regulations adopted by the Texas Air Control Board under Article 4477–5, Vernon's Ann.Civ.St., the Texas Clean Air Act.

Byer's Barge Terminal processes and sells scrap metals. The plaintiff, Harris County, and the State of Texas, intervenor on behalf of the Texas Air Control Board, alleged that Byer's was violating the Clean Air Act by outdoor burning of the wood from old boxcars, a method it used to salvage the scrap metal from them. The trial court granted a temporary injunction on February 17, 1970 to limit the hours of the outdoor burning and on February 27, 1970 granted a second one which prohibited outdoor burning pendente lite.

Pursuant to Sec. 3.09(a) and Sec. 3.10(c) of the Act, the Texas Air Control Board has passed Regulation II, which limits outdoor burning to certain specifically named purposes, such as domestic fires, campfires and those set to control range grass or forest trees. The outdoor burning of the boxcars was clearly prohibited by Regulation II, and the appellants had not been granted a variance by the Board as it was permitted to do under the provisions of Sec. 3.21 of the Act.

The appellants present eight points of error, complaining that 1) the temporary injunction of February 17 was void, 2) denial of motion to dismiss contempt charges based on the February 17 injunction was error, 3) filing the suit for injunction and penalties was premature under the primary jurisdiction doctrine, 4) the Act is unconstitutional, 5) the appellants have been deprived of their property without due process of law, 6) the field of air pollution law has been preempted by the Federal Air Pollution Control Act, 7) the trial court erred in preferentially setting the case for a trial on the merits, and 8) the order entered on February 27 is void. We sustain the first of these points and overrule the other seven of them.

In its order entered February 17 the trial court granted the defendants' motion for a continuance until the Board passed upon their application for a variance. The order also specifically limited the number of boxcars which appellants could burn and the hours when they could burn them. It contained a recital that the court had heard no evidence from the witnesses present and it did not set forth the reasons for its issuance. In the order of February 27 it was stated that the order of February 17 was rescinded. However, it also stated that the court's ruling on the matter of contempt, concerning the defendants' alleged violation of the order of February 17, was reserved until the trial on the merits.

■ The temporary injunction provisions of the February 17 order were void by reason of the deficiencies noted. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519 (1961); Millwrights Local Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683 (1968); City of Houston v. Shober, 362 S.W.2d 886 (Tex.Civ.App.1962, writ ref. n. r. e.); Rule 683, Texas Rules of Civil Procedure. The order is no longer in effect, so we notice it only because the trial court indicated that the contempt matter was still pending. The point does not present reversible error.

By our holding unenforceable the injunction provisions of the February 17 order we do not intend to suggest that the appellants are exempt from the civil penalty provisions of Sec. 4.01(c) of the Act.

■ Appellants' second point does not present a matter which is properly before us. The contempt motions have not been ruled upon.

■ Turning to the appellants' third point, we do not consider this an appropriate case for application of the principle of primary jurisdiction.

" 'The doctrine of primary jurisdiction is that the courts cannot or will not determine a controversy involving a ques-

tion which is within the jurisdiction of an administrative tribunal prior to the decision of that question by the administrative tribunal, where the question demands the exercise of sound administrative discretion requiring the special knowledge, experience and services of the administrative tribunal to determine technical and intricate matters of fact, and a uniformity of ruling is essential to comply with the purposes of the regulatory statute administered. The principle is derived from a consideration of the nature of the question and of the inquiry and the action required for its solution.' "

Kavanaugh v. Underwriters Life Ins. Co., 231 S.W.2d 753 (Tex.Civ.App.1950, writ ref.), citing 42 Am.Jur. 698–699.

There was little, if any, dispute as to the facts for determination by the trial court in the instant case: did the appellants come within an exception to the prohibition against outdoor burning or had they obtained a variance from the Board? Neither question involved "technical and intricate matters of fact" as described in Kavanaugh, supra.

■ Where the issue is one inherently judicial in nature, the courts are not ousted from jurisdiction unless the Legislature, by a valid statute, has explicity granted exclusive jurisdiction to the administrative body. Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d 411 (1961).

Sec. 1.05 of the Act provides that the Board is the principal authority in the state on matters relating to the quality of the air resources in the state and for setting standards, criteria, levels and emission limits for air content and pollution control. The Act does not provide that the Board is the exclusive authority. The Board has no enforcement power of its own. The only effective means of securing compliance with the Act is by instituting suits for injunctions or penalties or both. Sec. 4.02(a) provides that the district court is the proper forum for enforcing the Act and the Board's orders.

Pursuant to Sec. 3.09(a) of the Act, the Board has passed regulations designed to control the level of emissions into the air of air contaminants. Sec. 3.10(c) specifically authorizes the Board "to adopt rules and regulations to control and prohibit the outdoor burning of waste and combustible material," and Regulation II meets that purpose.

The trial court, by its order of February 27, did not seek to exercise an administrative function. It merely enjoined further violation of Regulation II by outdoor burning until a variance was obtained from the Board or until a trial of the case on the merits.

■ Appellants' assertion that the Texas Clean Air Act is an attempt to legislate in a field preempted by a federal statute, Title 42, § 1857, U.S.C.A., is without merit. Sec. 1857(a)(3) states that "The Congress finds * * * that the prevention and control of air pollution at its source is the primary responsibility of States and local governments; * * *." The federal Act is replete with evidence that cooperation between the states and the federal government in air pollution control is to be actively encouraged. See Sections 1857(b)(3), 1857a(a), 1857d(b) and 1857d(d)(1)(A).

We also overrule the appellants' seventh point of error, that the trial court erred in giving the case a preferential setting for trial on the merits after notice of appeal had been given. The point seems to be based on the theory that by then jurisdiction over the matter had passed from the trial court to this court.

The Act specifically provides that suits brought under this Act shall be given precedence over all others.

■ The Court of Civil Appeals did not acquire jurisdiction over the appeal from the interlocutory order until the appeal bond had been filed and the record had been filed in the appellate court. Rule 385, Texas R.C.P.; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956 (1943). The record

reflects that the preferential setting was made prior to the perfecting of the appeal, thus at a time when jurisdiction over the case was still in the trial court. Further, a trial court is authorized to proceed to trial on an application for permanent injunction despite the pendency of an appeal from the granting of a temporary injunction in the same case. South Atlantic & Gulf Coast District of I. L. A., Indep. v. Harris County—Houston Ship Channel Navigation District, 360 S.W.2d 181 (Tex. Civ.App.1962, writ ref. n. r. e.); International Ass'n of Machinists, Local Union No. 1488 v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282 (1939). Finally, no harm will arise from the setting, because the date chosen has now passed and the trial court is awaiting the outcome of this appeal before hearing the application for permanent injunction.

Appellants' eighth point is that the February 27 order was void. In the order the trial court made several findings of fact, including one that the probable right to an injunction in this case is based on the existence of the Texas Clean Air Act. The appellants contend that the Act cannot form the basis of a probable right because it is unconstitutional. We will discuss that question later.

As noted, Regulation II, adopted by the Board, prohibits outdoor burning of waste material or other combustible material (with certain specific exceptions). Its purpose is "to establish controls on the outdoor burning of waste or other combustible material to prevent undesirable levels of air contaminants in the atmosphere," but it does not set up permissible limits of toxicity or density of smoke produced.

The appellants concede that they have burned old boxcars in the open for many years. The evidence included many photographs of quantities of smoke going into the air from boxcars burning outdoors on the appellants' property, thus showing that a probable injury would result if further outdoor burning was not enjoined.

"To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation * * * Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion * * * There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it."

Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953).

The February 27 order is specific, it states the reasons for its issuance and it describes in sufficient detail the acts to be restrained. It does not have the effect of leaving nothing for decision at the hearing on the application for permanent injunction. The temporary injunction merely stays the appellants' further outdoor burning until a trial of the issues in the case can be had or until the Board issues a variance to them.

In an injunction case wherein the very acts sought to be enjoined are acts which prima facie constitute the violation of expressed law, the status quo to be preserved could never be a condition of affairs where the respondent would be permitted to continue the acts constituting that violation. In such instances, the status quo to be preserved by temporary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy, and when it is determined that the law is being violated it is the province and the duty of the court to restrain it. Rattikin Title Co. v. Grievance Committee, 272 S.W. 2d 948 (Tex.Civ.App.1954, no writ).

We next consider whether there was probable right for issuance of the temporary injunction. Only if there is no prob-

able right could it be said that the trial judge abused his discretion. The order recites that the probable right is based on the Act, so this brings us to the question of the constitutionality of the Act. The appellants' fourth and fifth points of error present their challenge to the Act on this basis.

"In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The wisdom or expediency of the law is the Legislature's prerogative, not ours. As quoted in this Court's opinion in Texas National Guard Armory Board v. McCraw, 132 Tex. 613, 126 S.W.2d 627 at 634 (1939), ' " 'There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds.' " ' "

Smith v. Davis, 426 S.W.2d 827 (Tex.Sup. 1968).

■ Appellants' first contention under these points is that the Act is vague and indefinite. In support of this contention, appellants assert that six problems are raised by the Act, but none of the six was raised by the facts in this case. The problems stated by the appellants concern the penalty provisions of the Act, a different penal provision contained in Art. 698d, Vernon's Ann. Texas Penal Code, the existence of an automatic variance denial in the Act and hearing and appellate provisions regarding the Board's actions. The order appealed from was one granting a temporary injunction. None of the six problems asserted by the appellants is before us on this appeal.

■ Courts will not anticipate a constitutional issue. Abstract questions regarding the validity of a statute will not be considered. Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437 (Tex.Sup.1949); Vernon v. State, 406 S.W.2d 236 (Tex.Civ.App.1966, writ ref. n. r. e.).

Appellants complain that the Act is vague in that the definition of "air pollution" given in Sec. 1.03(3) of the Act is inadequate, and that the flat prohibition against outdoor burning provided in Regulation II is also too vague to apply.

■ Until 1967 the basis of our laws regarding pollution was the nuisance doctrine, but the emphasis of our newer statutes is on regulatory standards. The science of air pollution control is new and inexact, and these standards are difficult to devise, but if they are to be effective they must be broad. If they are too precise they will provide easy escape for those who wish to circumvent the law. Air pollution is defined in Sec. 1.03(3) of the Act: " 'air pollution' means the presence in the atmosphere of one or more air contaminants or combinations thereof, in such concentration and of such duration as are or may tend to be injurious to or to adversely affect human health or welfare, animal life, vegetation or property, as to interfere with the normal use and enjoyment of animal life, vegetation or property." This definition is clear and is easily capable of understanding. In fact, the appellants do not claim that they cannot determine whether their conduct fits within the definition.

■ As to the appellants' challenge to Regulation II's almost blanket prohibition against outdoor burning, Sec. 3.09 of the Act authorizes the Board to make regulations consistent with the intent of the Act, and Sec. 3.10(c) authorizes it to "adopt rules and regulations to control and prohibit the outdoor burning of waste and combustible material."

■ Regulation I was also adopted by the Board; it regulates, with great detail, indoor burning. The effect of the two Regulations is to hold that all burning, ex-

cept that specifically allowed by Regulation II, will be done indoors. We consider this to be a reasonable governmental policy established in the interest of public health, safety and welfare. Outdoor burning is difficult, if not impossible, to regulate, because the amount of contaminants passing into the air cannot be accurately measured when the burning is not confined. When all the emissions must pass through a smoke stack or other exhaust system, the measure of the contaminants is much more readily subject to objective standards of control. An air polluter should not escape the consequences of his act merely because he is able to make his contaminants difficult to measure or control.

The Board is entitled to an injunction against outdoor burning under the Act without the necessity of proving toxicosity or injury or harm of any kind. Outdoor burning without a variance is all that need be proved.

Appellants next challenge the Act on the basis that they have been deprived of their property without due process of law. It is true that "a state cannot, under the guise of protecting the public, arbitrarily interfere with private business or prohibit lawful occupations, or impose unreasonable and unnecessary restrictions upon them." Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204 (1928). However, the inherent right of a citizen to use and enjoy his property exists only so long as the use made of it does not interfere with the rights of others, and such right of enjoyment is subject to the police power. Fielder v. State, 150 Tex.Cr.R. 17, 198 S.W.2d 576 (Tex.Crim.App.1947).

Laws vitally affecting the health of the people are within the legitimate police power. McNeese v. State, 147 Tex. Cr.R. 310, 180 S.W.2d 164 (Tex.Crim.App. 1944). "Legislation designed to free from pollution the very air that people breathe clearly falls within the exercise of the most traditional concept of what is compendious-

ly known as the police power." Huron Portland Cement Co. v. City of Detroit, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960). We consider that the Act's prohibiting of outdoor burning was not arbitrary.

It is appellants' position that Regulation II arbitrarily closes a previously lawful business. We believe that the Regulation was reasonable, not arbitrary, and it has not been shown that the enforcement of it will close the appellants' business. Their testimony was that they are building an incincerator but need to burn 48 boxcars to make room for it. When this suit was filed they had not applied for a variance even though the present Act and its predecessor have prohibited outdoor burning since 1967. The evidence does not conclusively establish that it would be impossible or even impractical to build the incinerator without first burning the 48 boxcars.

The order of the trial court is affirmed.