**O. G. DUKE et ux., Appellants,**

**v.**

**CITY OF TEXARKANA, Texas, Appellee.**

**No. 8063.**

Court of Civil Appeals of Texas, Texarkana.

June 1, 1971.

Jim Hooper, Harkness, Friedman & Kusin, Texarkana, for appellants.

R. Clayton Hutchins, City Atty., Texarkana, for appellee.

DAVIS, Justice.

Plaintiff-Appellee, City of Texarkana, Texas, filed a suit against Defendants-Appellants, O. G. Duke and wife, Linda Duke, for a temporary injunction and a permanent injunction in which Appellee alleged that Appellants were in the process of violating a City Ordinance that the City Council had on September 14, 1970, duly enacted, amending in its entirety the Zoning Ordinance of the City of Texarkana, Texas, in order to regulate and restrict, among other things, the use of buildings, structures and land for trade, industry, residence and other purposes, such as a Beauty Shop. The Ordinance was duly entered of record, published, and became effective by its terms on September 23, 1970. It has been in full force and effect since that date.

Appellee alleged that Appellants were the owners of a home in the north 79 feet of Lot One (1), Block Three (3), Tanglewood Addition to the City of Texarkana, Texas. They alleged and proved that it was zoned as a "Single Family Dwelling District-2" as defined in said Ordinance and as shown on said Official Zoning District Map.

At the beginning of the trial, it was stipulated and agreed that Appellee had introduced into evidence the Official Zoning Ordinances of the City of Texarkana, Texas, which is before the Court at this time, which prohibits Beauty Parlors in the Tanglewood Addition. The Official Zoning Map was also introduced into evidence. The specific Zoning Ordinances introduced were Section 8–100, Section 8–101, Section 8–109, Section 8–700(15), Section 17–101, and Section 20–100.

There was a garage attached to the house. Mr. O. G. Duke started some carpenter work, closing in one room of the garage. In one or two days thereafter he was advised that he would have to get a permit from Appellee to remodel and close in the garage for an extra room. . Mr. Duke made the application in which he stated that he was closing in the garage for "extra room," but he did not give the reason therefor.

The trial court set the application for a temporary injunction for April 8, 1971. After hearing the evidence, the temporary injunction was granted. Appellants have perfected their appeal and bring forward one point of error.

■ By the point of error, Appellants say that the trial court erred in holding that the Zoning Ordinance in question was not retroactive and was applicable against the Appellants; and, that it erred in granting the temporary injunction. As heretofore stated, it was proved by the Appellee that a Beauty Shop was being operated by Appellants in violation of certain sections of the City Zoning Ordinances and the Official Zoning Map. There are only inferences that the beauty shop actually existed and was in operation prior to the effective date of the zoning ordinances. It was the duty of the appellants to show that the beauty shop actually existed, and was in lawful use on the effective date the applicable Zoning Ordinance went into effect. 63 T.J.2d 878, Sec. 113; 2 The Law of Zoning and Planning, Rathkoph, Ch. 58, Secs. 2 and 3.

■ There was actual proof that the Beauty Shop was not in operation until some time in October, 1970, or shortly thereafter. There is proof that the room was being used for commercial purposes as a Beauty Shop. It is not necessary to quote the City Ordinance in full or to cite the many authorities. A temporary injunction is an interlocutory order, and the sole question is whether the trial court abused its discretion in entering the same. 31 T.J.2d 345, Sec. 224, and the authorities cited therein.

The source of the Appellee's authority to enact the Zoning Ordinance is provided by Vernon's Tex.Rev.Civ.Stat.Ann. Art. 1011a. The remedy to secure an injunction to enforce the Appellee's Zoning Ordi-

nance is provided by Tex.Rev.Civ.Stat. Ann. Art. 1011h, Hill v. City of Castle Hills, 282 S.W.2d 891 (Tex.Civ.App.1955) writ ref'd.

Beauty Shops are prohibited in single-family dwelling District-2 in the Tanglewood Addition, which is the zoning of Appellants' property. Since this is an interlocutory order granting a temporary injunction, the law is partially summarized in the recent case of Houston Compressed Steel Corp. v. State, 456 S.W.2d 768 (Tex.Civ.App.1970) n. w. h.

■ The trial court has a right to grant a temporary injunction to preserve the status quo of the subject matter pending a final trial on the merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953).

The point is overruled.

The Judgment of the trial court is affirmed.