CHEVRON, U. S. A., INC., Appellant,

v.

**CITY OF EL PASO and State of Texas, Appellees.**

**No. 6865.**

Court of Civil Appeals of Texas, El Paso.

Jan. 9, 1980.

Rehearing Denied Feb. 6, 1980.

Scott, Hulse, Marshall & Feuille, J. F. Hulse, Charles R. Jones, Jeffrey B. Thompson, El Paso, for appellant.

R. Wade Adkins, City Atty., David J. LaBrec, First Asst. City Atty., Cathy M. Barnes, Charlie F. McNabb, Jr., Asst. City Attys., El Paso, Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Douglas G. Caroom, Jim Mathews, Asst. Attys. Gen., Environment Protection Div., Austin, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a temporary injunction order enjoining Appellant, Chevron, U.S.A., Inc., from violating Texas Air Control Board Rule 201.06 regarding emissions of sulphur dioxide from Appellant's generators, furnaces and heaters. We affirm the judgment of the trial Court.

Appellees, the City of El Paso and the State of Texas, sought this temporary injunction under the Texas Clean Air Act, Tex.Rev.Civ.Stat.Ann. art. 4477–5, for violations of four separate Rules of the Texas Air Control Board. The district Court granted the relief only with regard to violations of Rule 201.06. Rule 201.06 provides: "No person may cause, suffer, allow or permit emissions of sulphur dioxide from any liquid fuel-fired steam generator, furnace or heater to exceed 440 ppm, by volume." The trial Court recited in the judgment that since October, 1977, the Appellant has repeatedly caused, suffered, allowed and permitted emissions of sulphur dioxide from its liquid fuel-fired steam generators, furnaces and heaters to exceed 440 ppm, in violation of the Rule.

In three recent cases, the Supreme Court of this State has described the standard of review of a temporary injunction order. *Brooks v. Expo Chemical Company*, 576 S.W.2d 369 (Tex.1979); *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Navarro Auto-Park, Inc. v. City of San Antonio*, 580 S.W.2d 339 (Tex.1979). In those opinions, the Court stated that the standard of review in an appeal from a temporary injunction order is whether the trial court abused its discretion in refusing or granting the temporary relief.

Appellants urge that Rule 201.06 does not apply to Chevron's furnaces and heaters because they are fired by a combination of liquid fuel and gas fuel. Another Rule, 201.09, covers gas-fired furnaces. Chevron urges that the Rule is penal in nature and must be given strict construction, and must only apply to liquid fuel-fired systems and not to dual fuel-fired systems. They also point to evidence that the excess emissions are from the gas. Appellees argue that to accept this construction is to insert the words "solely" for "any" in the Rule. Appellees argue that "some" liquid fuel is used to fire the furnaces in question, and that brings them within the Rule since the prohibition contained in the Rule is against "any" liquid fuel-fired furnace. There was evidence pro and con about the applicable method of testing. The trial Court agreed with Appellees' construction of the Rule, and we are of the opinion that such holding does not constitute a clear abuse of discretion. We view the situation as analogous to the holding that an abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. *Zmotony v. Phillips*, 529 S.W.2d 760 (Tex.1975); *Davis v. Huey*, supra.

Chevron questions the sufficiency of the evidence to sustain a finding of the Court that there were violations of Rule 201.06, arguing that violations must be determined by stack samples and that that was not done in this case. The evidence shows that stack sampling is the generally accepted method to determine violations of the Rule. However, the record reflects that Chevron requested, and the TCAB granted, Chevron's request to use a different method of testing based on fuel analysis. Stack sampling, then, is not the sole method of determining violations and in effect the parties agreed on the fuel analysis basis for determining violations of Rule 201.06. The evidence is clear that there were violations of the Rule under that method of testing.

We uphold the decision of the trial Court on the basis that there was no abuse of discretion. We will not discuss the points of error relating to the merits of the underlying case, relying on the express direction from the Supreme Court in *Davis v. Huey* that, in a temporary injunction appeal, the merits of the underlying case are not presented for appellate review and, as the Court said:

> The effect of premature review of the merits accomplished by the court of civil appeals here is to deny the Davises their right to trial by jury. This court will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217 (1956); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

The judgment of the trial Court is affirmed.