HARRIS COUNTY, the STATE of Texas, the Texas Air Control Board, and the Texas Water Commission, Appellants,

v.

ALLWASTE TANK CLEANING, INC., Appellee.

No. 01–90–00862–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 14, 1991.

Rehearing Denied April 4, 1991.

Terry O'Rourke, Asst. County Atty., David Preister, Asst. Atty. Gen., Austin, for appellants.

Robert A. Shults, Timothy J. Hogan, Houston, for appellee.

Before EVANS, C.J., and WILSON and COHEN, JJ.

## OPINION

WILSON, Justice.

This is an appeal from an order denying a request for a temporary injunction. The appeal asks whether the appellee, Allwaste Tank Cleaning, Inc., can legally operate its business without a Clean Air Act permit, but rather on the authority, if any, of an agreed Air Control Board order issued following earlier proceedings.

In March 1990, the plaintiff and appellant, Harris County, sued the defendant and appellee, Allwaste Tank Cleaning, Inc. ("Allwaste"), alleging Allwaste was a polluter in violation of the Texas Clean Air Act [1] and the Texas Solid Waste Disposal Act.[2] Harris County named the State of Texas, the Texas Air Control Board, and the Texas Water Commission as necessary and indispensable parties (collectively, "Harris County"), and sought statutory civil penalties and temporary and permanent injunctive relief against Allwaste. Allwaste responded with a general denial and affirmatively plead compromise and settlement, based upon the issuance in 1987 of Agreed Air Control Board Order number No. 87–04(n).

The trial court denied temporary injunctive relief under the Texas Clean Air Act. Harris County urges that the trial court (1)

---

1. TEX. HEALTH & SAFETY CODE ANN. § 382.001 et seq. (Vernon Pamph.1991).

2. TEX. HEALTH & SAFETY CODE ANN. § 361.001 et seq. (Vernon Pamph.1991).

erred in refusing to receive in evidence plaintiff's exhibit number four, and (2) abused its discretion in refusing to enjoin Allwaste's operation of a facility without a permit from the Air Control Board.

Our resolution of point of error two is dispositive of this appeal and, accordingly, will address it first.

■ The parties agreed: (1) that Allwaste had no permit; (2) that an application for such a permit was pending and, as noted by the trial judge, had been pending for several years; and (3) to the introduction of Air Control Board order number 87–04(n). Further, by implication, they agreed that Allwaste's activities were properly subject to regulation by the Clean Air Act.

Under TEX. HEALTH & SAFETY CODE ANN. § 382.114(a) (Vernon Pamph.1991), if a corporation is violating or threatening to violate TEX. HEALTH & SAFETY CODE ANN. § 382.085 (Vernon Pamph.1991) (unauthorized emissions) or an Air Control Board rule, variance, or order, the local government may bring suit for injunctive relief or penalties. Injunctive relief includes temporary injunctions. TEX. HEALTH & SAFETY CODE ANN. § 382.114(b) (Vernon Pamph. 1991). The court "shall grant ... any prohibitory or mandatory injunctions the facts may warrant...."

Our review of an order denying a temporary injunction is limited to determining whether there has been an abuse of discretion by the trial court. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978); *Philipp Bros., Inc. v. Oil Country Specialists, Ltd.,* 709 S.W.2d 262, 265 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd w.o.j.); *Chevron U.S.A., Inc. v. City of El Paso,* 593 S.W.2d 396, 397 (Tex.Civ.App.—El Paso 1980, no writ); *see also Houston Compressed Steel Corp. v. State,* 456 S.W.2d 768, 773–74 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

No findings of fact and conclusions of law are found in the record. No specific reasons were given by the trial judge in his order or elsewhere in the record in denying the injunction. On appeal, our attention has been directed solely to the significance of the board order, and to an item of evidence offered, at least in part, to clarify the meaning of the order. Therefore, as the legal impact of the board order in question is central to our opinion, we set it out in its entirety:

### TEXAS AIR CONTROL BOARD

### AGREED BOARD ORDER

### INDEPENDENT TANK CLEANING SERVICES, INC.[3]

### NO. 87–04(n)

The Texas Air Control Board (the Board) hereby resolves the matter of enforcement action regarding Independent Tank Cleaning Services, Inc. (the company) in the form of a Board Order pursuant to Sections 3.12, 3.20(b), 4.02(a)(2) and 4.041 of the Texas Clean Air Act (the Act). The staff of the Board and the company have agreed on a settlement of the matters involved in this enforcement action, subject to the approval of the Board.

*In settlement of this enforcement action* and solely for the purpose of this Agreed Board Order, *the parties have agreed and stipulated as follows:*

1. That the company owns and operates a tank truck cleaning facility located at 11110 Highway 225, La Porte, Harris County, Texas.

2. That the above facility consists of one or more sources as defined in Section 1.03(2) of the Act.

3. That *the company* as owner and operator of the above facility *is alleged to have violated Board Rule 116.1 and Sections 3.27(a) and 4.01(b)* of the Act *by* constructing and *operating a tank truck cleaning facility* which may emit air contaminants into the air of the state *without first obtaining a permit or spe-*

---

**3.** Independent Tank Cleaning Services, Inc. is the former name of Allwaste Tank Cleaning, Inc., the appellee herein.

*cial permit, or qualifying for a standard exemption.*

4. That notice of the apparent violation of the above rule was received by the company on or about December 1, 1986.

5. That the company and the staff agree that *the allegations set forth in the Board's file regarding this enforcement action,* concerning violation of Board Rule 116.1 and Sections 3.27(a) and 4.01(b) of the Act, *are hereby settled and compromised.* It is understood that the entry of this Agreed Board Order shall not constitute an admission by the company of any violation alleged in paragraph 3.

6. That the company submitted an application for a special permit to the Board on May 1, 1985.

7. *That an administrative penalty* in the amount *of Nine Hundred Fifty Dollars* ($950.00) *should be recovered* by the Board for the violation alleged in paragraph 3 and *for any continuation of that specific violation until final agency action is taken on Special Permit Application No. S–9723.*

8. That the company has placed in the possession of the Board the sum of Nine Hundred Fifty Dollars ($950.00) for deposit in the General Revenue Fund of the State Treasury, as payment of the administrative penalty assessed.

9. That *the company agrees to achieve compliance with Board Rule 116.1 by the date final agency action is taken on Special Permit Application No. S–9723.* Such compliance will be achieved according to the following schedule:

a) The company shall promptly comply with all requirements necessary to allow for final agency action on Special Permit Application No. S–9723.

b) The company shall submit to the staff of the Board, within thirty (30) days of each staff request, information neces-

sary for the evaluation of Special Permit Application No. S–9723.

c) *The company shall immediately cease operation* of the facility located at 11110 Highway 225, La Porte, Harris County, Texas *if* it has not installed control technology to the satisfaction of the Executive Director of the Texas Air Control Board by the date specified by the Executive Director.[4]

d) *If the company operates the facility before final action is taken on Special Permit Application No. S–9723, the company shall maintain compliance* with Board Rule 101.4 (nuisance).

10. That from and after the date that final action is taken on Special Permit Application No. S–9723, the company shall comply with all applicable rules contained in Board Regulation VI (31 TAC Chapter 116).

11. *That all air pollution abatement equipment shall be* maintained in good working order and *operated properly during normal operations.*

12. *That any procedures which might otherwise be authorized or required in this action are waived in the interest of a more timely resolution of the matter.*

For purposes of this Agreed Board Order only and based on the stipulations and agreements of the parties, the Texas Air Control Board hereby finds that *the violation described in paragraph 3 has occurred and that an administrative penalty is warranted* in the amount of Nine Hundred Fifty Dollars ($950.00).

It is, therefore, ordered by the Texas Air Control Board that Independent Tank Cleaning Services, Inc. pay an administrative penalty in the amount of Nine Hundred Fifty Dollars ($950.00).

It is further ordered that Independent Tank Cleaning Services, Inc. shall:

(1) Immediately implement all items of the compliance schedule set forth in paragraph 9;

---

4. Harris County does not contend, in this appeal, that Allwaste has failed to comply with this requirement.

**152**

(2) From and after the date final agency action is taken on Special Permit Application No. S–9723, comply with all applicable rules contained in Texas Air Control Board Regulation VI (31 TAC Chapter 116); and

(3) Maintain all air pollution control equipment in good working order and *operate said equipment properly during normal operations.*

(Emphasis added.)

Harris County has not asked us, in this appeal, to hold that Allwaste should be enjoined because it operated in violation of the 1987 board order. Rather, Harris County urges that the trial court had no discretion to act other than to grant injunctive relief based on the fact that Allwaste had no Air Control Board permit to operate, and further, that no substituted, administratively created, and/or informal "backdoor" permit is authorized by statute.

Consistent with TEX. HEALTH & SAFETY CODE ANN. § 382.114(a), (b) (Vernon Pamph.1991), a trial court shall grant injunctive relief, sought by local government warranted by the facts if a company is violating TEX. HEALTH & SAFETY CODE ANN. § 382.085 (Vernon Pamph.1991) (unauthorized emissions), or an Air Control Board rule, variance, or order. Harris County, in this appeal, asserts no additional ground for which a local government may seek injunctive relief other than absence of the necessary permit. There is no claim before us, on appeal, that Allwaste has directly violated the 1987 board order or emitted unauthorized emissions, based on evidence independent of the scope of the board order.

We cannot conclude as a matter of law that the trial court abused its discretion by interpreting the statutory scheme and requirements, and the board order's relation thereto, contrary to the County's position. We find several sections of the order that the trial court could have determined lended support for Allwaste's position that continued operation of the plant was contemplated by the parties when the order was signed. Sections 9(d), 10, 11, 12, and (2) and (3) of the final paragraph all imply the ongoing functioning of the plant pending resolution of its permit application, at least to the extent of the alleged plant activities covered by the 1987 order.

The second point of error is overruled.

■ Plaintiff's exhibit number four consists of an affidavit dated August 24, 1990, and signed by Steve Spaw, Executive Director of the Air Control Board, stating that "diligent search has failed to disclose any record of a permit, special permit, permit exemption, or any other authorization" for Allwaste to construct or operate a tank cleaning facility. The trial court refused to admit the affidavit into evidence after multiple objections from Allwaste. Harris County argues that the affidavit should have been admitted in evidence under TEX. R.CIV.EVID. 803(10), as an exception to the hearsay rule, to prove the absence of a public record in accordance with the self-authentication procedures of TEX.R.CIV. EVID. 902(1). Allwaste contends that exhibit number four does not meet the requirements of rule 803(10) because there was no showing that the records referenced in the affidavit were regularly made and preserved by a public office or agency.

Harris County sought to prove by this document that the phrase, "or any other authorization," meant the signing officer had considered the 1987 order and had construed the order as not granting Allwaste legal authority to operate independently of a valid permit. Harris County's position, that the signer of the affidavit had defined the legal significance of the Air Control Board order, was hearsay when measured against the purpose of TEX.R.CIV.EVID. 803(10). We find no abuse of discretion in the trial court's ruling sustaining Allwaste's objection on hearsay grounds. We need not consider whether the document may be admissible for other purposes.

We overrule the first point of error, and affirm the order.

EVANS, C.J., not participating.