In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00113-CV

                                                ______________________________

 

 

                      TODD STEPHENS, D/B/A STEPHENS
AND SONS,

LAMAR COUNTY LAND, L.P., A
TEXAS LIMITED

PARTNERSHIP, AND TODD
STEPHENS, INC.,

A TEXAS CORPORATION,
Appellant

 

                                                                V.

 

                                            CITY OF RENO, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 62nd
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 75652

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            The
City of Reno brought suit against Todd Stephens and various business entities
owned or controlled by him,[1]
alleging that Stephens’ dirt mining business on Sugarhill Road violated City of
Reno, Texas, Ordinance 1852, which zoned the Sugarhill property by restricting
it for agricultural and residential use only.  Stephens argued that the dirt mining operation
was permitted to continue under Ordinance 1852’s “grandfather clause.”[2]  After a bench trial, the trial court granted
the City’s petition and entered a permanent injunction enjoining Stephens from
“digging, mining, hauling of dirt, or any construction activities on the
property.”  

            On
appeal, Stephens contends that the trial court erred in ordering the permanent
injunction because:  (1) his business is
permitted under Ordinance 1852’s grandfather clause; (2) there is no evidence
that the City of Reno is a type A municipality; and (3) the order granting the
injunction violates Rule 683 of the Texas Rules of Civil Procedure.[3]

We affirm the trial court’s order
granting permanent injunction because:  (1)
there is sufficient evidence that Stephens’ business did not exist until after
the passage of Ordinance 1852; (2) Stephens failed to properly deny the City’s
allegation that it is a type A municipality; and (3) Rule 683 does not
apply to permanent injunctions.

Background Facts

            Stephens,
through various businesses, operated a dirt mining operation at 875 Sugarhill
Road in the City of Reno, Lamar County, Texas.[4]  The operation consisted of “digging, mining,
transportation and hauling of dirt for commercial purposes.”    

            On
October 9, 2006, the City of Reno passed Ordinance 1852, which zoned most of
the property at issue for agricultural use, and a smaller portion for
residential use.  Other uses of the
property were prohibited.  After
Ordinance 1852 became effective on October 18, 2006, the City of Reno alleged
that Stephens’ dirt mining operation violated Ordinance 1852, and filed suit
against Stephens and his various businesses and entities that owned the subject
properties and/or operated the dirt mining operation, seeking an injunction
halting the operating of the dirt mining business.  The parties did not dispute that Stephens’
dirt mining business violated the zoning and usage restrictions of Ordinance
1852 and those of its predecessor, Ordinance 1850.  Stephens argued that his business was covered
by the “grandfather” clause in Ordinance 1852, which permits a preexisting
nonconforming business to remain in operation. 
The City maintained that Stephens’ business violated Ordinance 1852 and
was not covered by the “grandfather” clause.  After a bench trial, the trial court ruled in
the City’s favor and granted a permanent injunction.  Stephens filed this appeal.

There is
sufficient evidence that Stephens’ dirt mining business did not exist on the
Sugarhill Road mining site until after the passage of Ordinance 1852

 

            In
his first point of error, and as a part of his second point of error, Stephens
argues that the trial court erred in granting the permanent injunction because
his dirt mining operation at 875 Sugarhill Road is a nonconforming use
that is permitted by Ordinance 1852’s “grandfather” clause.  We interpret these two points of error to be
legal sufficiency arguments against the trial court’s:  (1) finding of fact that Stephens’ dirt mining
operations “occurred . . . after the effective date of Ordinance 1852”; and (2)
conclusion of law that “[t]he ‘grand-fathering provisions’ of ordinance 1852 do
not apply to the 875 Sugarhill Road mining site.”  

            The
findings of fact entered in this case “are of the same force and dignity as a
jury’s answers to jury questions.”  Lambright v. Trahan, 322 S.W.3d 424, 430
(Tex. App.—Texarkana 2010, pet. denied) (citing Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991)).
 We review the findings of fact by the
same standards that are applied in reviewing the legal or factual sufficiency
of the evidence supporting a jury’s answer to a jury question.  Id.
(citing Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996)).  Conclusions of
law are reviewed de novo.  Barber v. CO Indep. Sch. Dist., 901
S.W.2d 447, 450 (Tex. 1995).

            Evidence
is legally sufficient if it “would enable reasonable and fair-minded people to
reach the verdict under review.”  Lambright, 322 S.W.3d at 430 (citing City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005)).  We credit
evidence favorable to the finding of the court if a reasonable judge acting as
a fact-finder could, and will disregard contrary evidence unless a reasonable
judge could not.  Id.  As long as the evidence
falls within the zone of reasonable disagreement, we will not substitute our
judgment for the judgment of the trial court. 
Id.  In this case, the trial court is the sole
judge of the credibility of the witnesses and weight given to their
testimony.  Id. (citing Wilson, 168
S.W.3d at 819).

            Ordinance
1852 restricted the usage of the property in question to agricultural and
residential use, and it is undisputed that Stephens’ dirt mining is a
nonconforming use.  However, the
Ordinance’s “grandfather” clause states, in part, that “[a] business which is
in existence at the time of passage of this ordinance shall be allowed to
remain in operation, even though it is not in compliance with the ordinance.”[5]  Stephens’ assertion that his business was
permitted to continue under the “grandfather” clause is an affirmative defense,
and therefore, it was Stephens’ burden to produce evidence that his business
was in existence on the property on or before October 9, 2006, the date
Ordinance 1852 was passed.  See Duke
v. City of Texarkana, 468 S.W.2d 483, 484 (Tex. Civ. App.––Texarkana 1971,
no writ). 

            Here,
Stephens argues that an affidavit from Jess Watson, the Reno Chief of Police,
and a finding of fact contained in the court’s order denying the City’s motion
for summary judgment support his claim that his business is grandfathered-in.[6]  The affidavit, which was attached to the
City’s original application for temporary and permanent injunctions says that on
or about October 17, 2006, Stephens “began excavating and removing the
topsoil” from the Sugarhill Road property, and Watson indicates that the
“thousands of cubic feet of top soil” removed from the property was transported
off-site or sold to third parties. 
However, Watson was not called to testify at trial, and absent authority
to the contrary, affidavits are not, as a rule, admissible in a trial as
independent evidence to establish facts material to the issues being
tried.  Roberts v. Mullen, 446 S.W.2d 86 (Tex. Civ. App.—Dallas 1969, writ
ref’d n.r.e.) (except in instances specified by statute or rule, such as
summary judgments, pauper’s oath proceedings, reasonable and necessary
attorney’s fees, etc., affidavits not evidence in contested cases); Roadway Express, Inc. v. Gaston, 90 S.W.2d 874 (Tex. Civ. App.––Texarkana 1935, no
writ); Chapman v. Dickerson, 223 S.W.
318 (Tex. Civ. App.––Beaumont 1920, no writ ). 
Even if the affidavit were to be considered evidence, it neither
indicates, nor gives rise to an inference, that Stephens’ business existed on
the property at the time Ordinance 1852 was passed. 

            The
finding of fact Stephens relies upon is contained in an order denying the
City’s motion for summary judgment, and it states that Stephens was “in
business prior to City of Reno Ordinance No. 1852 becoming effective.”  We find the inclusion of findings of fact in
a summary judgment order to be highly unusual considering that in such a
proceeding, the trial court has not heard any evidence or testimony and is
relying solely upon the pleadings and affidavits.  “[F]indings of fact and conclusions of law
have no place in a summary judgment proceeding.”  See
Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994).  This is so because a trial court may not
render summary judgment unless there is no genuine issue as to any material
fact and because the legal grounds for summary judgment are limited to those
stated in the motion and response.  IKB Indus. (Nig.) Ltd. v. Pro–Line Corp.,
938 S.W.2d 440, 441 (Tex. 1997).  In
other words, if summary judgment is proper, there are no facts to find and the
legal conclusions were set forth in the motion and response.  Id.  Here, the issue of when Stephens’ dirt mining
business existed on the property was highly contested, and, therefore, the
finding of fact contained in the order denying summary judgment was improper
and of no effect. 

            The
City introduced into evidence two of Stephens’ discovery answers, wherein he admits
that no dirt was removed from the property in 2006 and that the Sugarhill Road mining
site “became active November 23, 2006.”  

            We
find there is sufficient evidence to enable a reasonable and fair-minded judge to
find that Stephens’ business did not exist on the property until after
Ordinance 1852 was passed.  Based upon
that finding, the trial court’s conclusion that the “grandfather” clause did
not apply to Stephens’ business was proper. 
Therefore, we overrule this point of error.

Stephens failed to properly deny the City’s allegations that it is a type
A municipality

            As
part of his second point of error, Stephens contends that there is no evidence
to support the trial court’s conclusion of law that the City of Reno, Texas,
“is a type A municipality.” 

            In
its active pleading, its fourth amended application for injunction, the City
alleged that it was a type A municipality existing under the laws of the State
of Texas.  In his answer and response,
Stephens denied this allegation.  On
appeal, Stephens argues that the City failed to produce any evidence that it
was a type A municipality––that it had the authority to sue him.  Rule 93 of the Rules of Civil Procedure
requires that a pleading “[t]hat the plaintiff has not legal capacity to sue”
must be verified.  Tex. R. Civ. P. 93.  Here, Stephens’ denial of the City’s
allegation was not verified, therefore, he failed to properly deny the City’s
allegation and raise the issue of whether the City had the authority to
sue.  Therefore, we overrule this point
of error.

Rule 683 does not apply to permanent
injunctions

            In
his final point of error, Stephens argues that the trial court’s order granting
permanent injunction is void because it fails to comply with the requirements
of Rule 683 of the Texas Rules of Civil Procedure in that it “fails to set
forth any reason for its issuance” and “fails to describe in reasonable detail
. . . the act or acts sought to be restrained.” 


            Rule
683 states that “[e]very order granting an injunction . . . shall set forth the
reasons for its issuance; shall be specific in terms; shall describe in
reasonable detail and not by reference to the complaint or other document, the
act or acts sought to be restrained.”  Tex. R. Civ. P. 683.  The requirements of Rule 683 are mandatory
and must be strictly followed.  Qwest Commc’ns Corp. v. AT & T Corp.,
24 S.W.3d 334, 337 (Tex. 2000) (per curiam); InterFirst Bank San Felipe,
N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); Monsanto Co. v. Davis, 25 S.W.3d 773,
788 (Tex. App.—Waco 2000, pet. dism’d w.o.j.). 
If an injunction order fails to comply with the requirements of Rule
683, it is void.  Qwest Commc’ns Corp., 24 S.W.3d at 337; AutoNation, Inc. v. Hatfield,
186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.). 

            However,
it is well-established that Rule 683 applies only to temporary or ancillary
injunctions and does not apply to permanent injunctions.  Vaughn
v. Drennon, 202 S.W.3d 308, 321 (Tex. App.—Tyler 2006, no pet.); Qaddura v. Indo-European Foods, Inc., 141 S.W.3d 882, 892 (Tex.
App.—Dallas 2004, pet. denied); Shields
v. State, 27 S.W.3d 267, 273 (Tex. App.—Austin 2000, no pet.); Spinuzzi v. Town of Corinth, 665 S.W.2d
530, 534 (Tex. App.—Fort Worth 1983, no writ).  Because the trial court granted a permanent
injunction in this case, rather than a temporary injunction, Rule 683 does not
apply.  Accordingly, we overrule this
point of error.

            We
affirm the trial court’s order.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          April
12, 2011

Date Decided:             May
26, 2011

 











[1]These
entities, Stephens and Sons, Lamar County Land, L.P., A Texas Limited
Partnership, and Todd Stephens, Inc. A Texas Corporation, owned portions of the
property at issue or owned or took part in the dirt mining operations.

 





[2]A
grandfather clause is a “provision that creates an exemption from the law’s
effect for something that existed before the law’s effective date.”  Black’s
Law Dictionary 767 (9th ed. 2009).

 





[3]Stephens
also raises points of error regarding the following findings of fact:

 

Finding of Fact No. 15 

                The repeated pumping of untested, accumulated storm
water into the City of Reno drainage system devalued the residential property
located along the water drainage route.

 

. . . .

 

Finding of Fact No. 23 

                From
inception, and at all relevant times, the Defendant(s) . . . engaged in conduct
at the 875 Sugarhill Road mining site, that constituted a nonconforming use of
the real property under Ordinance 1852, and thus was illegal under Ordinance
1852.

 

. . . .

 

Finding of Fact No. 33 

                The cessation of operations was a result of failure
to license the site, or obtain a permit for the site through the TCEQ.

 

We find these findings of fact to be irrelevant to our
ruling in this case, and, therefore, we do not address Stephens’ points of
error regarding them. 

 





[4]For
purposes of this opinion, all references to Stephens’ dirt mining operations
refer to the operations at 875 Sugarhill Road, Lamar County, Reno, Texas. 





[5]Somewhat
incongruously, both the City and Stephens focus their arguments on October 18,
2006, the date Ordinance 1852 became effective, rather than the more
controlling “time of passage” as set out in the ordinance.





[6]The
trial court entered a finding of fact that “[a]t all times, relevant to this
proceeding, [Stephens] conducted a dirt mining operation at the real property
located at 875 Sugarhill Road.”  Stephens
argues that this was a finding that his dirt mining business was in operation
at the time Ordinance 1852 was passed. 
While the finding of fact is vague, when it is viewed in the context of
the other findings of fact and conclusions of law, particularly the trial
court’s conclusion that the “grandfather” clause does not apply to Stephens’
business, we believe it is meant to note that Stephens was operating a dirt
mining operation on the property, rather than a residential use or other type
of business use.