# NOVEMBER, 1927

Avery V. Millikin v. Hon. M. C. Jeffrey, District Judge.

No. 7784.   Decided November 1, 1927.
(299 S. W., 397).

*Clarence J. Ginn* and *Wm. E. Hawkins,* for relator.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

On the 25th of October, 1927, this court on a motion for leave to file a petition for mandamus by the relator, Avery B. Millikin, held that it had no jurisdiction of the subject matter of the complaint, on grounds shown in the opinion. Subsequent to that decision the relator here made application for writ of mandamus to the Court of Criminal Appeals, setting up the matters complained. of in the application to this court and other matters. The Court of Criminal Appeals declined to order the additional writ to issue.

The opinions of this court and the Court of Criminal Appeals have not as yet been officially reported.

On October 31, 1927, the relator filed a motion for leave to file an accompanying petition for mandamus in this court, and this subsequent or second motion is the one now before us.

The petition for mandamus sets forth substantially the identical matters ·complained of in his petition presented to the Court of Criminal Appeals—that is, that relator was being tried before a picked-up jury after the refusal of the District Court to order a jury commission and draw a regular jury for the special term of court trying relator's plea of insanity, that the District Court had declined to require the court reporter to take the trial proceedings officially as reporter, instead of by private employment, and that the trial court had refused to admit certain evidence on the insanity issue tendered by the relator.

The instant petition ·for mandamus is presented to this court upon the theory that since the Court of Criminal Appeals declined to take jurisdiction of these matters, 'the jurisdiction of this court may be invoked.

After a full and careful investigation, we are convinced that our opinion previously rendered in this case is correct and as applicable to the present petition for mandamus as to the former one presented to us.

As stated in our previous opinion, the Court of Criminal Appeals has taken jurisdiction of the question of the trial of the relator for insanity after conviction for murder, and has directed the District Judge by an ancillary writ of mandamus to accord to him a trial. Having the power to direct the District Judge to give the relator a trial on his insanity plea, it follows as a matter of course that the Court of Criminal Appeals has the power to see that the trial of the relator is held in accordance with the ordinary elements of due process, and that its jurisdiction continues for that purpose. Mandamus is an available remedy where the elements of due process have not been accorded to one rightfully entitled thereto. 18 Ruling Case Law, p. 307, Sec. 246; State v. District Court, 38 Mont., 166, 35 L. R. A., 1098, 129 Am. St., 636. See also Notes, American State Reports, Vol. 98, pp. 890 *et seq.;* Terrell v. Greene, 88 Texas, 539, 31 S. W., 631.

In the last case cited the District Judge had declined to permit the relator Terrell, who was County Attorney of Tarrant County, to appear as counsel for the State in a certain civil suit pending in the District Court. Against the issuance of the writ of mandamus addressed to the District Judge requiring him to permit Terrell to appear in the case, it was urged that the decision of the court in ruling that Terrell could not so appear was the exercise of judgment and discretion, and therefore could not be reviewed by mandamus. This court held that it had jurisdiction to issue the writ, and ordered the writ to issue. In part we said:

"The contention of the respondent may be stated thus: In the decision of every question of law the judge must exercise his judgment, and the exercise of such judgment is a judicial discretion, which can not be revised upon mandamus; therefore, the decision of a judge upon the law can not be revised by this writ. If this be correct, then no wrong which may be done by a District Judge in the determination of any legal question can be so revised.

"If a judge of the District Court or other officer, by the construction placed upon the law, deprives a citizen of an unquestioned legal right under circumstances that the citizen has no right of appeal, and therefore no other adequate remedy, then a court having power conferred upon it by law to issue a writ of mandamus has the right to review the judgment or decision of the trial court or officer upon such question.

"If the right of Terrell to exercise the functions of County Attorney was in dispute, or if the existence of the facts which called upon

him to discharge the duty was doubtful, this court would not interfere by mandamus. But with all of these facts admitted, there is involved no discretion; no right exists to deny him the exercise of his official authority; it is a pure and unmixed question of law."

The authorities cited, we think, suffice to show that if the relator has been deprived of any plain legal right protected under the rules of due process, the Court of Criminal Appeals, having authority to issue the ancillary writ of mandamus issued by it, still has full power to protect the relator and award to him a trial in accordance with due process; and that a failure or refusal of the Court of Criminal Appeals to act upon any petition presented to it is without force to confer jurisdiction in this case upon this court.

We therefore find it unnecessary to touch upon the substance of relator's complaint, but adhere to our previous opinion that the Supreme Court has no jurisdiction of the petition for mandamus tendered for filing.

The motion for leave to file is accordingly overruled.