

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00113-CV

_____

TODD STEPHENS, D/B/A STEPHENS AND SONS,
LAMAR COUNTY LAND, L.P., A TEXAS LIMITED
PARTNERSHIP, AND TODD STEPHENS, INC.,
A TEXAS CORPORATION, Appellant

V.

CITY OF RENO, Appellee

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 75652

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

The City of Reno brought suit against Todd Stephens and various business entities owned or controlled by him,[1] alleging that Stephens' dirt mining business on Sugarhill Road violated City of Reno, Texas, Ordinance 1852, which zoned the Sugarhill property by restricting it for agricultural and residential use only. Stephens argued that the dirt mining operation was permitted to continue under Ordinance 1852's "grandfather clause."[2] After a bench trial, the trial court granted the City's petition and entered a permanent injunction enjoining Stephens from "digging, mining, hauling of dirt, or any construction activities on the property."

On appeal, Stephens contends that the trial court erred in ordering the permanent injunction because: (1) his business is permitted under Ordinance 1852's grandfather clause; (2) there is no evidence that the City of Reno is a type A municipality; and (3) the order granting the injunction violates Rule 683 of the Texas Rules of Civil Procedure.[3]

---

[1]These entities, Stephens and Sons, Lamar County Land, L.P., A Texas Limited Partnership, and Todd Stephens, Inc. A Texas Corporation, owned portions of the property at issue or owned or took part in the dirt mining operations.

[2]A grandfather clause is a "provision that creates an exemption from the law's effect for something that existed before the law's effective date." BLACK'S LAW DICTIONARY 767 (9th ed. 2009).

[3]Stephens also raises points of error regarding the following findings of fact:

Finding of Fact No. 15
    The repeated pumping of untested, accumulated storm water into the City of Reno drainage system devalued the residential property located along the water drainage route.

. . . .

2

We affirm the trial court's order granting permanent injunction because: (1) there is sufficient evidence that Stephens' business did not exist until after the passage of Ordinance 1852; (2) Stephens failed to properly deny the City's allegation that it is a type A municipality; and (3) Rule 683 does not apply to permanent injunctions.

*Background Facts*

Stephens, through various businesses, operated a dirt mining operation at 875 Sugarhill Road in the City of Reno, Lamar County, Texas.[4] The operation consisted of "digging, mining, transportation and hauling of dirt for commercial purposes."

On October 9, 2006, the City of Reno passed Ordinance 1852, which zoned most of the property at issue for agricultural use, and a smaller portion for residential use. Other uses of the property were prohibited. After Ordinance 1852 became effective on October 18, 2006, the City of Reno alleged that Stephens' dirt mining operation violated Ordinance 1852, and filed suit

---

Finding of Fact No. 23
  From inception, and at all relevant times, the Defendant(s) . . . engaged in conduct at the 875 Sugarhill Road mining site, that constituted a nonconforming use of the real property under Ordinance 1852, and thus was illegal under Ordinance 1852.

. . . .

Finding of Fact No. 33
  The cessation of operations was a result of failure to license the site, or obtain a permit for the site through the TCEQ.

We find these findings of fact to be irrelevant to our ruling in this case, and, therefore, we do not address Stephens' points of error regarding them.

[4]For purposes of this opinion, all references to Stephens' dirt mining operations refer to the operations at 875 Sugarhill Road, Lamar County, Reno, Texas.

3

against Stephens and his various businesses and entities that owned the subject properties and/or operated the dirt mining operation, seeking an injunction halting the operating of the dirt mining business. The parties did not dispute that Stephens' dirt mining business violated the zoning and usage restrictions of Ordinance 1852 and those of its predecessor, Ordinance 1850. Stephens argued that his business was covered by the "grandfather" clause in Ordinance 1852, which permits a preexisting nonconforming business to remain in operation. The City maintained that Stephens' business violated Ordinance 1852 and was not covered by the "grandfather" clause. After a bench trial, the trial court ruled in the City's favor and granted a permanent injunction. Stephens filed this appeal.

*There is sufficient evidence that Stephens' dirt mining business did not exist on the Sugarhill Road mining site until after the passage of Ordinance 1852*

In his first point of error, and as a part of his second point of error, Stephens argues that the trial court erred in granting the permanent injunction because his dirt mining operation at 875 Sugarhill Road is a nonconforming use that is permitted by Ordinance 1852's "grandfather" clause. We interpret these two points of error to be legal sufficiency arguments against the trial court's: (1) finding of fact that Stephens' dirt mining operations "occurred . . . after the effective date of Ordinance 1852"; and (2) conclusion of law that "[t]he 'grand-fathering provisions' of ordinance 1852 do not apply to the 875 Sugarhill Road mining site."

The findings of fact entered in this case "are of the same force and dignity as a jury's answers to jury questions." *Lambright v. Trahan*, 322 S.W.3d 424, 430 (Tex. App.—Texarkana

4

2010, pet. denied) (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991)). We review the findings of fact by the same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id*. (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996)). Conclusions of law are reviewed de novo. *Barber v. CO Indep. Sch. Dist.*, 901 S.W.2d 447, 450 (Tex. 1995).

Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Lambright*, 322 S.W.3d at 430 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We credit evidence favorable to the finding of the court if a reasonable judge acting as a fact-finder could, and will disregard contrary evidence unless a reasonable judge could not. *Id*. As long as the evidence falls within the zone of reasonable disagreement, we will not substitute our judgment for the judgment of the trial court. *Id*. In this case, the trial court is the sole judge of the credibility of the witnesses and weight given to their testimony. *Id*. (citing *Wilson*, 168 S.W.3d at 819).

Ordinance 1852 restricted the usage of the property in question to agricultural and residential use, and it is undisputed that Stephens' dirt mining is a nonconforming use. However, the Ordinance's "grandfather" clause states, in part, that "[a] business which is in existence at the time of passage of this ordinance shall be allowed to remain in operation, even though it is not in compliance with the ordinance."[5] Stephens' assertion that his business was permitted to continue

---

[5]Somewhat incongruously, both the City and Stephens focus their arguments on October 18, 2006, the date Ordinance 1852 became effective, rather than the more controlling "time of passage" as set out in the ordinance.

under the "grandfather" clause is an affirmative defense, and therefore, it was Stephens' burden to produce evidence that his business was in existence on the property on or before October 9, 2006, the date Ordinance 1852 was passed. *See Duke v. City of Texarkana*, 468 S.W.2d 483, 484 (Tex. Civ. App.—Texarkana 1971, no writ).

Here, Stephens argues that an affidavit from Jess Watson, the Reno Chief of Police, and a finding of fact contained in the court's order denying the City's motion for summary judgment support his claim that his business is grandfathered-in.[6] The affidavit, which was attached to the City's original application for temporary and permanent injunctions says that on or about October 17, 2006, Stephens "began excavating and removing the topsoil" from the Sugarhill Road property, and Watson indicates that the "thousands of cubic feet of top soil" removed from the property was transported off-site or sold to third parties. However, Watson was not called to testify at trial, and absent authority to the contrary, affidavits are not, as a rule, admissible in a trial as independent evidence to establish facts material to the issues being tried. *Roberts v. Mullen*, 446 S.W.2d 86 (Tex. Civ. App.—Dallas 1969, writ ref'd n.r.e.) (except in instances specified by statute or rule, such as summary judgments, pauper's oath proceedings, reasonable and necessary attorney's fees, etc., affidavits not evidence in contested cases); *Roadway Express*, *Inc. v. Gaston*,

---

[6]The trial court entered a finding of fact that "[a]t all times, relevant to this proceeding, [Stephens] conducted a dirt mining operation at the real property located at 875 Sugarhill Road." Stephens argues that this was a finding that his dirt mining business was in operation at the time Ordinance 1852 was passed. While the finding of fact is vague, when it is viewed in the context of the other findings of fact and conclusions of law, particularly the trial court's conclusion that the "grandfather" clause does not apply to Stephens' business, we believe it is meant to note that Stephens was operating a dirt mining operation on the property, rather than a residential use or other type of business use.

6

90 S.W.2d 874 (Tex. Civ. App.—Texarkana 1935, no writ); *Chapman v. Dickerson*, 223 S.W. 318 (Tex. Civ. App.—Beaumont 1920, no writ ). Even if the affidavit were to be considered evidence, it neither indicates, nor gives rise to an inference, that Stephens' business existed on the property at the time Ordinance 1852 was passed.

The finding of fact Stephens relies upon is contained in an order denying the City's motion for summary judgment, and it states that Stephens was "in business prior to City of Reno Ordinance No. 1852 becoming effective." We find the inclusion of findings of fact in a summary judgment order to be highly unusual considering that in such a proceeding, the trial court has not heard any evidence or testimony and is relying solely upon the pleadings and affidavits. "[F]indings of fact and conclusions of law have no place in a summary judgment proceeding." *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). This is so because a trial court may not render summary judgment unless there is no genuine issue as to any material fact and because the legal grounds for summary judgment are limited to those stated in the motion and response. *IKB Indus. (Nig.) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). In other words, if summary judgment is proper, there are no facts to find and the legal conclusions were set forth in the motion and response. *Id.* Here, the issue of when Stephens' dirt mining business existed on the property was highly contested, and, therefore, the finding of fact contained in the order denying summary judgment was improper and of no effect.

7

The City introduced into evidence two of Stephens' discovery answers, wherein he admits that no dirt was removed from the property in 2006 and that the Sugarhill Road mining site "became active November 23, 2006."

We find there is sufficient evidence to enable a reasonable and fair-minded judge to find that Stephens' business did not exist on the property until after Ordinance 1852 was passed. Based upon that finding, the trial court's conclusion that the "grandfather" clause did not apply to Stephens' business was proper. Therefore, we overrule this point of error.

*Stephens failed to properly deny the City's allegations that it is a type A municipality*

As part of his second point of error, Stephens contends that there is no evidence to support the trial court's conclusion of law that the City of Reno, Texas, "is a type A municipality."

In its active pleading, its fourth amended application for injunction, the City alleged that it was a type A municipality existing under the laws of the State of Texas. In his answer and response, Stephens denied this allegation. On appeal, Stephens argues that the City failed to produce any evidence that it was a type A municipality—that it had the authority to sue him. Rule 93 of the Rules of Civil Procedure requires that a pleading "[t]hat the plaintiff has not legal capacity to sue" must be verified. TEX. R. CIV. P. 93. Here, Stephens' denial of the City's allegation was not verified, therefore, he failed to properly deny the City's allegation and raise the issue of whether the City had the authority to sue. Therefore, we overrule this point of error.

8

*Rule 683 does not apply to permanent injunctions*

In his final point of error, Stephens argues that the trial court's order granting permanent injunction is void because it fails to comply with the requirements of Rule 683 of the Texas Rules of Civil Procedure in that it "fails to set forth any reason for its issuance" and "fails to describe in reasonable detail . . . the act or acts sought to be restrained."

Rule 683 states that "[e]very order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 788 (Tex. App.—Waco 2000, pet. dism'd w.o.j.). If an injunction order fails to comply with the requirements of Rule 683, it is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

However, it is well-established that Rule 683 applies only to temporary or ancillary injunctions and does not apply to permanent injunctions. *Vaughn v. Drennon*, 202 S.W.3d 308, 321 (Tex. App.—Tyler 2006, no pet.); *Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 892 (Tex. App.—Dallas 2004, pet. denied); *Shields v. State*, 27 S.W.3d 267, 273 (Tex.

App.—Austin 2000, no pet.); *Spinuzzi v. Town of Corinth*, 665 S.W.2d 530, 534 (Tex. App.—Fort Worth 1983, no writ). Because the trial court granted a permanent injunction in this case, rather than a temporary injunction, Rule 683 does not apply. Accordingly, we overrule this point of error.

We affirm the trial court's order.


Bailey C. Moseley
Justice


Date Submitted: April 12, 2011
Date Decided: May 26, 2011