

# NUMBER 13-16-00324-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CAMERON COUNTY AND LOS FRESNOS
CONSOLIDATED INDEPENDENT SCHOOL
DISTRICT,                                                                          Appellants,

v.

VALLEY SANDIA, LTD. CO.,
A TEXAS LIMITED LIABILITY CO.,                                        Appellee.

On appeal from the 404th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

Appellants Cameron County and Los Fresnos Consolidated Independent School

District (collectively the "County") appeal the trial court's order releasing a tax lien on

property belonging to appellee Valley Sandia, Ltd. Co. ("Valley Sandia"). By one multifarious issue, the County contends that the trial court abused its discretion by issuing an order in favor of Valley Sandia.[1] We affirm.

## I. BACKGROUND[2]

The County filed suit against Valley Sandia for payment of delinquent taxes on four tracts of land, which included Lots 1-10, Block 97. The trial court granted a default judgment in favor of the County on June 12, 2014; however, by agreed order, the default judgment was overturned, declared void, and a new trial was granted. The County's cause of action regarding two other tracts of land was dismissed. The only claim for delinquent taxes currently pending is regarding Lots 1-10, Block 97.

On June 3, 2016, Valley Sandia filed an emergency motion to sell property and release the lien on Lots 1-10. The trial court held a hearing on Valley Sandia's motion, and it granted the motion on June 9, 2016. This appeal followed.

## II. NATURE OF THE ORDER

As a preliminary matter, the County claims that the trial court's order is a "mandatory injunction." Valley Sandia argues that the order is either a writ of mandamus or an order issued pursuant to the trial court's equitable powers.[3]

---

[1] The nature of the order is contested on appeal.

[2] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1.

[3] Section 24.011 of the Texas Government Code gives a trial court jurisdiction to grant, among other things, writs of mandamus and injunctions. TEX. GOV'T CODE ANN. § 24.011 (West, Westlaw through 2017 1st C.S.). "There is a well[-]defined difference between injunction and mandamus. One is preventive and the other remedial. 'The functions of an injunction are to restrain motion and to enforce inaction, those of mandamus to set in motion and to compel action.'" *Boston v. Garrison*, 256 S.W.2d 67, 70 (1953) (concluding that "[t]he purpose of appellant's suit and the relief sought are to compel the defendants to issue a renewal license to him, not merely to restrain action on the part of the defendants.").

2

## A. Applicable Law

Temporary injunctions are either prohibitive or mandatory. *Tri-Star Petroleum Co. v. Tipperary Corp.*, 101 S.W.3d 583, 592 (Tex. App.—El Paso 2003, pet. denied). While "a prohibitive injunction forbids conduct, . . . a mandatory injunction requires it." *Id.* (citing *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.) ("A mandatory injunction requires conduct from a party, whereas a prohibitive injunction forbids conduct.")).

Temporary injunctions preserve the status quo pending trial on the merits. *Elizondo v. Williams*, 643 S.W.2d 765, 767 (Tex. App.—San Antonio 1982, no writ). Status quo is defined as "the last, actual, peaceable, non[-]contested status which preceded the pending controversy." *Transport Co. of Tex. v. Robertson Transports, Inc.*, 261 S.W.2d 549, 553–54 (Tex. 1953) (internal quotations omitted).

> Generally, the preservation of the [status] quo can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury on complainant. In such a case, courts of equity issue mandatory writs before the case is heard on its merits. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary injunction may not be resorted to to obtain all relief sought in the main action; such temporary injunction may be mandatory in character.

*Rhodia, Inc. v. Harris Cty.*, 470 S.W.2d 415, 419–20 (Tex. Civ. App.—Houston [1st Dist.] 1971, no writ). A ruling on temporary injunctive relief may not be used to obtain an advance ruling on the merits. *Tri-Star Petroleum Co.*, 101 S.W.3d at 592.

A permanent injunction, on the other hand, is not dependent upon any future action by the court and is characterized by the fact that it grants all the relief which the court intends to grant in that case. *Elizondo*, 643 S.W.2d at 767. "If a permanent injunction

3

disposes of all issues and parties it is a final, appealable judgment." *Striedel v. Striedel*, 15 S.W.3d 163, 164 (Tex. App.—Corpus Christi 2000, no pet.) (quoting *James v. Hubbard*, 985 S.W.2d 516, 517 (Tex. App.—San Antonio 1998, no pet.) (internal quotations omitted). "This court determines the characterization of an injunction as temporary or permanent substantively by examining its characteristics and function." *Elizondo*, 643 S.W.2d at 767.

## B.    Discussion

The County does not explain with legal authority and argument what makes the order a temporary injunction as opposed to a permanent injunction or some other type of order. *See* TEX. R. APP. P. 38.1(i). And, the County only argues that the order is a mandatory injunction because it requires that the County perform certain acts. A temporary injunction may be prohibitive or mandatory, but each is temporary nonetheless and must maintain the status quo. *See Tri-Star Petroleum Co.*, 101 S.W.3d at 592.

Here, the pending controversy concerns whether the County should be allowed to foreclose on the property. However, according to Valley Sandia's motion, the County has not allowed Valley Sandia to pay the delinquent taxes on each separate parcel of land, even though, those parcels have been subdivided for taxing purposes. In its motion, Valley Sandia requested equitable relief on the basis that it had already paid the taxes and associated fees related to this lawsuit on Lots 6-10, Block 97; Valley Sandia attached a copy of the paid closing cost for those lots, which shows that the taxes to the County had been paid along with the associated fees related to this lawsuit. However, the County refused to accept the payment of the taxes and fees on the basis that Valley Sandia still owed taxes and fees for Lots 1-5, Block 97. Claiming the County's acts are against public

4

policy, Valley Sandia in its motion requested to pay the taxes and fees for Lots 6-10, Block 97, and then to enter into a payment plan for the taxes and fees owed for the other lots.

The County filed no response to Valley Sandia's motion. The trial court held a hearing on the matter and granted Valley Sandia's motion. The order requires the County to accept payment from Valley Sandia, waive penalty interests, release the tax liens, allow Valley Sandia to enter into a payment plan, and waive any attorney fees or costs associated with Valley Sandia's motion. The County does not argue that the order maintains the status quo, and it does not explain how the order maintains the status quo.[4] *See* TEX. R. APP. P. 38.1(i). As we are prohibited from making an appellant's argument for them, we cannot conclude without authority or argument that the order maintains the status quo. *See* TEX. R. APP. P. 38.1(i). In addition, the order does not appear to maintain the status quo. The last peaceable non-contested status that preceded the County's suit was that Valley Sandia had not paid its taxes on lots 1-10, Block 97. There is nothing in the order that maintains that status.[5]

---

[4] Moreover, Valley Sandia did not request an injunction and neither party argued to the trial court that the trial court should issue this order to maintain the status quo.

[5] We further note that a trial court may issue a writ of mandamus to correct a due process violation, *Dos Republicas Coal P'ship v. Saucedo*, 477 S.W.3d 828, 835 (Tex. App.—Corpus Christi 2015, no pet.) (citing *Millikin v. Jeffrey*, 117 Tex. 152, 299 S.W. 397, 398 (Tex. 1927) (orig. proceeding)), or when a landowner believes that a municipality's action is arbitrary. *Kirschke v. City of Houston*, 330 S.W.2d 629, 631, 634 (Tex. Civ. App.—Houston 1959, writ ref'd n.r.e.) (recognizing that a party may seek mandamus or mandatory injunction in the trial court to compel the city to issue building permits); *see also Riner v. City of Hunter's Creek*, 403 S.W.3d 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (discussing when a trial court may issue a writ of mandamus in the context of planning and zoning commissioner's interpretation of the law). In recognizing the right of a party to seek a writ of mandamus in the trial court, the *Riner* court stated, "Where a planning and zoning commission's interpretation of the law 'deprives a citizen of an unquestionable legal right and there is no other adequate remedy, the court having power to issue mandamus may review the matter.'" 403 S.W.3d at 927 (citing *Howeth Invs., Inc. v. City of Hedwig Vill.*, 259 S.W.3d 877, 895 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923, 927 (Tex. Civ. App.—Corpus Christi 1968, writ ref'd n.r.e.)). The County has not explained or argued that the trial court in this case had no authority to issue a writ of mandamus. In addition, because Valley Sandia requested equitable relief, the trial court may have granted Valley Sandia's motion and issued the challenged order pursuant to its equitable powers. The County does

Accordingly, we conclude that the County has not shown that the order is a temporary injunction. Moreover, the order appears to dispose of the County's suit for the delinquent taxes and foreclosure of the property. *See Elizondo*, 643 S.W.2d at 767. Therefore, we conclude that the order is final for purposes of appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case."). We overrule the County's first issue that the trial court's order is a temporary injunction.

### III. RULE 683

Next, the County asserts that the order is void because it does not satisfy rule 683's specificity requirement.[6] Specifically, appellants argue that because the order is a mandatory temporary injunction, the trial court was required to include "the amount of money that appellants must accept as full payment of the taxes owed on Lots 6-10" and "the amount of money that appellants must include in a payment agreement for the taxes owed on Lots 1-5." However, we have already concluded that the order is not a temporary

---

not challenge this alternative basis for the trial court's ruling; thus, even assuming error, it is waived.

[6] Rule 683 states:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
>
> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

TEX. R. CIV. P. 683.

6

injection, and rule 683 only applies to temporary injunctions.[7] *See Stephens v. City of Reno*, 342 S.W.3d 249, 254 (Tex. App.—Texarkana 2011, no pet.) ("[I]t is well-established that Rule 683 applies only to temporary or ancillary injunctions and does not apply to permanent injunctions."). Therefore, we need not address the issue on that basis. *See* TEX. R. APP. P. 47.1.

#### IV.     AUTHORIZATION OF TAXING UNITS TO COMPLY WITH ORDER

Next, the County argues that the trial court misapplied the law to the facts by ordering it to: (1) commit acts which are not statutorily authorized; and (2) commit acts in a retroactive manner which is not authorized by statute. Valley Sandia responds that the tax code does not prohibit the trial court from granting equitable relief, especially in this case where the trial court found that the County violated the Texas Constitution.

The County's arguments hinge on the fact that they are prohibited from complying with the trial court's order because the governing statutes do not grant it authority to do so. Under the County's theory, even if the trial court properly found that the County violated Valley Sandia's constitutional rights and that the County had erroneously included the lots in one account for purposes of taxation, the tax code prohibits the trial court from ordering the County to correct the error.

First, the County argues that the tax code only allows the Chief Appraiser's appraisal roll to be used to calculate the taxes due on the property. On its face, the trial court's order does not forbid the County from using the Chief Appraiser's appraisal roll to calculate the taxes due on the property. Instead, the order requires that the County allow

---

[7] The County does not argue, in the alternative, that even if the order is not a temporary injunction, the order must still comply with rule 683.

7

Valley Sandia to enter a payment plan, which includes paying the taxes for lots 6-10 from the proceeds of the sale. The County does not explain how the order forces it to calculate the taxes due on the property in contravention to the appraisal roll.

In addition, the County argues that the tax code does not allow it to retroactively change the appraisal roll. Again, the trial court has ordered the County to allow Valley Sandia to enter a payment plan for the delinquent taxes, and on its face, the order does not require the County to retroactively change the appraisal roll. The County cites no tax statute that requires only acceptance of full payment for the taxes on lots 1-10, Block 97, or that disallows the County from accepting partial payments pursuant to a payment plan. Moreover, the County does not explain why it is unable to allow Valley Sandia to enter a payment plan to pay the taxes on the combined lots. *See id.* R. 38.1(i).

Next, the County argues that the order requires it to violate the tax code because it would be forced to "separate the existing delinquent tax lien into two new liens." The County cites section 32.01(a) of the tax code, which states that "a tax lien attaches to property to secure the payment of all taxes, penalties and interest" on January 1 of each year. *See* TEX. TAX CODE ANN. § 32.01(2) (West, Westlaw through 2017 1st C.S.). The County also cites section 32.01(d), which states that the lien is perfected on attachment, which requires no further action by the taxing entity. *Id.* § 32.01(d). However, neither statute specifically states that the County is prohibited from "separate[ing] the existing delinquent tax lien into two new liens." Neither statute specifically addresses this issue. Accordingly, because appellants have not sufficiently explained how these sections of the tax code prohibit them from complying with the trial court's order, we are unable to reverse it on that basis. *See* TEX. R. APP. P. 38.1(i). Moreover, the County has not provided any

8

explanation of the process involved in complying with the trial court's order. Thus, the County has not even shown that the order requires the County to separate the existing delinquent tax lien into two new liens. Accordingly, we are not persuaded by the County's argument in that respect.

Next, the County states, "The Order requires [the County] to waive penalties and interest charged after April 27, 2016 on Lots 6-10 . . . . But penalties and interest are charged per the Tax Code, and the conditions required for a waiver of penalties and interest have not been satisfied in this case." This is the extent of the County's argument. *See* TEX. R. APP. P. 38.1(i) (requiring adequate briefing). Thus, it is inadequately briefed.

In addition, the County states, without citation to any authority, the following:

> The Order requires [the County] to waive any attorney's fees or costs associated with [Valley Sandia's] Motion. . . . But attorney's fees, costs and expenses are charged per the Tax Code and, as demonstrated herein, [the County's] opposition to [Valley Sandia's] Motion is well taken and based on Texas law. Furthermore, the Order does not cite to any statutory provision authorizing or compelling the waiver. . . . As a result, [the County] cannot waive the attorney's fees and costs without violating the Tax Code.

The County expects this Court to search the tax code to find the statute that applies and to then determine that this uncited rule prohibited the trial court from ordering the County to waive certain attorney's fees.[8] We decline to do so. We overrule the County's first issue regarding the above-made arguments.

By its final argument in its first issue, the County states, that "[t]o issue the Order, the Trial Court had to conclude that [Valley Sandia] had a probable right to recover against [the County]. However, that conclusion is unreasonable . . . ." The County supports the

---

[8] The County has not discussed in its brief, why the trial court may have ordered the waiver of attorney's fees or what the trial court included in those fees.

9

above argument by stating that Valley Sandia sought an order compelling the County to commit an act that they are not statutorily authorized to do and the trial court was "advised that [(1)] only the Chief Appraiser and the ARB can change an appraisal roll" and (2) "the Chief Appraiser and the pertinent Appraisal District were not parties to the lawsuit." This is the extent of the County's argument, and we conclude that it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We overrule the County's first issue regarding the above-made arguments.

## V. CONCLUSION

We affirm the trial court's judgment.[9]

**s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of March, 2018.

---

[9] As appellants only argue that we should reverse the trial court's order on the basis that it is a temporary injunction that does not comply with Rule 683 and because complying with the order would force appellants to violate the tax code, and we have overruled those issues, we are unable to reverse the order on any other basis because we may not reverse an order even if erroneous if the appellant fails to provide argument and citation to appropriate authority warranting reversal. *See* TEX. R. APP. P. 38.1(i).