

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00030-CV

CRAIG HARLAN PENSE, AN INCAPACITATED PERSON,
AND VIRGINIA PETTY, AS NEXT FRIEND, Appellants

V.

WALTER MARK BENNETT AND ALISA ANN BENNETT, Appellees

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV43957

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

The dispute before us involves a 73.375-acre tract (Tract 7) of real property in Hopkins County, Texas, originating from a guardianship created in 2004 for Craig Harlan Pense, an incapacitated person, for which Irvin Pense (Irvin), Craig's father, serves as guardian.

The guardianship was created by the Hopkins County Court at Law (the Guardianship Court) and is styled, *In the Guardianship of Craig Harlan Pense*, *an Incapacitated Person*, No. G04-00061 (the Guardianship). When created, the Guardianship owned, among other properties, Tract 7.

In 2007, the Guardianship Court ordered the creation of the Craig Harlan Pense Management Trust (the Trust), with Irvin as trustee and transferred Guardianship property to the Trust. In 2016, Tract 7 and other real property were transferred from the Trust to Pense Ranch Properties, LLC (PRP), as nominee for the Trust. PRP is a Texas corporation wholly owned by Irvin. In 2018, PRP conveyed Tract 7 to Walter Mark Bennett and Alisa Ann Bennett (collectively Bennett) for $210,000.00 in cash.

As a result of these transfers, Pense, joined by his mother, Virginia Petty, as next friend, sued Bennett in the 62nd Judicial District Court of Hopkins County to quiet title to Tract 7. Pense argued that PRP's claim to Tract 7 was based on a fraudulent and ineffective conveyance of Tract 7 from the Trust to PRP. Pense therefore alleged that the title claimed by Bennett was a cloud on the property he legally owned.

Irvin and PRP intervened, claiming that the transfers were authorized by the instrument creating the Trust (the Trust Instrument), which permitted PRP to manage the transferred

2

property.[1]  Irvin further claimed that he—through PRP—had loaned more than one million dollars to the Guardianship for Pense's benefit.  Irvin claimed that these funds were used to remodel Pense's house; to pay off the loan Pense received for his original purchase of Tract 7; to pay the ad valorem property taxes on the Trust property; and to purchase insurance, furniture, barns, fences, pens, chutes, cow ponds, and pasture treatments.  Despite these investments, the cattle operation never became profitable.  As a result, and seeking to raise money for the Trust, Irvin sold Tract 7 in a private sale to Bennett.  Irvin claimed that the proceeds from the sale were credited against Guardianship debt owed to Irvin for loans to the Guardianship for Pense's care and maintenance.[2]

Irvin and PRP thereafter filed a motion for summary judgment claiming that Irvin acted within his powers as trustee when he conveyed Tract 7 to PRP and subsequently conveyed Tract 7 to Bennett.  Irvin and PRP sought judgment that (1) declared proper the sale and transfer of the real property at issue, (2) declared Bennett the true and rightful fee simple owner of Tract 7, and (3) dismissed the plaintiffs' claims with prejudice.

Pense responded to the motion for summary judgment, claiming that Irvin's sale of Tract 7 exceeded his power under the Trust and Texas law and was a violation of his fiduciary duties under the Trust.[3]  This, he claims, was evidenced by Irvin's sale of Tract 7 for purposes of

---

[1]PRP owned and managed Tracts 2 through 5 separate and apart from the Trust.

[2]At or near the time of these events, Petty appeared in the Guardianship Court and requested that she be appointed successor trustee.  The Guardianship Court restored Pense to full legal capacity over his person and estate on October 18, 2019.

[3]It should be noted that Pense never asserted in this case any cause of action against Irvin or PRP for breach of fiduciary duty, but merely raised that argument in response to the motion for summary judgment.

reclaiming amounts he allegedly loaned to the estate, exemplified by the commingling of funds from the sale of Tract 7 with PRP's property such that they could no longer be distinguished. Aside from these actions, Pense responded that Irvin did not keep accurate records and did not file annual accountings of his alleged loans to the Guardianship. Pense thus claimed that he raised genuine fact issues regarding the validity of the transfer of Tract 7 to PRP and the subsequent sale of that property to Bennett as fraudulent, illegal, and a breach of Irvin's fiduciary duties.

The trial court granted Irvin and PRP's motion for summary judgment. In its order, the court explained that the Trust Instrument effectively transferred Tract 7 from the Guardianship into the Trust;[4] Irvin, in his capacity as trustee, was authorized by the Trust and by the Texas

---

[4]The trial court specifically stated that,

1. The Order Creating Management Trust and the Craig Harlan Pense Management instrument creating the Craig Harlan Pense Management Trust (the"Trust"), effectively transferred the 73.375 acres in the Joseph H. Simpson Survey, Hopkins County, Texas, situated on CR 4808 E.S., and being more thoroughly described in the hereinafter referenced Warranty Deed With Vendor's Lien dated February 27, 2018[,] and in the hereinafter referenced the Affidavit of Correction as to Recorded Original Instrument dated April 19, 2019, effective as of February 27, 2018[,] ("Tract 7") from the Guardianship into the Trust;

2. The Order Creating Management Trust, the Trust instrument, and the Texas Trust Code did provide Irvin D. Pense as Trustee with broad powers to manage Craig Harlan Pense's property, including the power and authority to sell Tract 7 to Walter Mark and Alisa Ann Bennett;

3. Irvin D. Pense, acting in his capacity as Trustee of the Trust, was acting within the Trust's authority when Irvin D. Pense conveyed the Property to Pense Ranch Properties, L.L.C., Nominee of the Craig Harlan Pense Management Trust, via a Warranty Deed dated March 23, 2016, and recorded March 24, 2016, as Instrument No. 20161477, in the Real Property Records of Hopkins County, Texas, and later corrected by Affidavit of Correction as to Recorded Original Instrument dated April 19, 2019, effective as of March 23, 2016, and recorded April 30, 2019, as Instrument No. 20191979, in the Real Property Records of Hopkins County, Texas;

4. Pursuant to the aforementioned Warranty Deed dated March 23, 2016[,]and the Affidavit of Correction as to Recorded Original Instrument dated April 19, 2019, effective as of March 23,

4

Trust Code to sell Tract 7 to Bennett; Irvin acted within the Trust's authority when he, in his capacity as trustee, conveyed Tract 7 to PRP, as nominee of the Trust; Tract 7 was fully, effectively, and validly conveyed to PRP; and Tract 7 was thereafter fully, effectively, and validly conveyed to Bennett. The trial court specifically left open the question—to be resolved by the Guardianship Court—of whether the sale of Tract 7 to Bennett amounted to a breach of Irvin's fiduciary duties as trustee. The final summary judgment dismissed with prejudice Pense's effort to quiet title against Bennett.

On appeal, Pense claims that the summary judgment is void because the 62nd Judicial District Court did not have subject-matter jurisdiction. Alternatively, he claims that the trial court erred in granting summary judgment because Irvin breached his fiduciary duties in effecting the transfer of Tract 7, and as a result, the transfer was not lawful. Because we find that

2016, Title to Tract 7 was fully, effectively, and validly conveyed to Pense Ranch Properties, L.L.C., Nominee of the Craig Harlan Pense Management Trust.

5. Irvin D. Pense, acting in his capacity as Trustee of the Trust, was acting within the Trust's authority when Irvin D. Pense conveyed Tract 7 from Pense Ranch Properties, L.L.C., Nominee of the Craig Harlan Pense Management Trust, to Defendants, Walker Mark Bennet [sic] and Alisa Ann Bennett, via the Warranty Deed With Vendor's Lien dated February 27, 2018, and recorded March 12, 2018, as Instrument No. 20181312, in the Real Property Records of Hopkins County, Texas, and later corrected by the Affidavit of Correction as to Recorded Original Instrument dated April 19, 2019, effective as of February 27, 2018, and recorded April 30, 2019, as Instrument No. 20191978, in the Real Property Records of Hopkins County, Texas;

6. Pursuant to the aforementioned Warranty Deed With Vendor's Lien dated February 27, 2018[,] and the aforementioned Affidavit of Correction as to Recorded Original Instrument dated April 19, 2019, effective as of February 27, 2018, Title to Tract 7 was fully, effectively, and validly conveyed to and now rests in Walter Mark Bennett and Alisa Ann Bennett as fee simple owners of said Tract 7, free of all clouds to title; and,

7. The Court makes no findings or determinations in this case with respect to whether Mr. Irvin Pense's transfer of Tract 7 to Walter Mark Bennett and Alisa Ann Bennett was a breach of fiduciary duty to Craig Harlan Pense, but leaves that question for the jury to consider in Cause No. G04-00061, styled *In the Guardianship of Craig Harlan Pense, an Incapacitated Person*, pending in the County Court at Law of Hopkins County, Texas.

5

(1) the trial court had subject-matter jurisdiction and (2) the trial court did not err in granting summary judgment on this limited question, we affirm the trial court's judgment.

*I.      The Trial Court Had Subject-Matter Jurisdiction*

In his initial point of error, Pense claims that the trial court did not have subject-matter jurisdiction to hear the underlying lawsuit and, as a result, the summary judgment order is void. Subject-matter jurisdiction "refers to the court's power to hear a particular type of suit." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (orig. proceeding). Lack of subject-matter jurisdiction renders any judgment that a court may render void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995). Because "[s]ubject matter jurisdiction is essential to the authority of a court to decide a case . . . [it] is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). The absence of subject-matter jurisdiction may be raised at any time. *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010) (citing *Tex. Air Control Bd.*, 852 S.W.2d at 445). As a result, the fact that Pense filed his lawsuit in the district court does not preclude our de novo review of the question of whether the trial court had subject-matter jurisdiction to hear this case.[5] *Id*.

In support of his claim that the trial court lacked subject-matter jurisdiction, Pense argues that (1) the case was properly defined as a guardianship proceeding pursuant to Section 1021.001 of the Texas Estates Code, (2) Section 1022.001 of the Texas Estates Code requires that guardianship proceedings must be heard in a court exercising original probate jurisdiction, and (3) because Hopkins County does not have a statutory probate court but does have a county court

---

[5]In his brief, Pense stated that he had erroneously filed the underlying lawsuit in the 62nd Judicial District Court of Hopkins County.

6

at law, the county court at law had original probate jurisdiction over this case. This set of conditions, Pense claims, denies the trial court subject-matter jurisdiction.

District courts in Texas have jurisdiction over claims for title to land and for declaratory relief, like the claims in the underlying case. TEX. CONST. art V., § 8; TEX. GOV'T CODE ANN. §§ 24.007–.008; *Estate of Giddens*, No. 06-17-00077-CV, 2018 WL 792273, at *4 (Tex. App.— Texarkana 2018, pet. denied) (mem. op.) (district court has general jurisdiction over all matters unless exclusive jurisdiction given to another court or administrative body); *see In re Amoco Fed. Credit Union*, 506 S.W.3d 178, 183 (Tex. App.—Tyler 2016, orig. proceeding) (district courts have jurisdiction over all claims for declaratory relief); *Hudson v. Sweatt*, No. 08-12-00334-CV, 2014 WL 6634422, at *2 (Tex. App.—El Paso Nov. 21, 2014, no pet.) (mem. op.).

Section 1022.005 of the Texas Estates Code confers on a statutory probate court "exclusive jurisdiction of all guardianship proceedings." TEX. ESTATES CODE ANN. § 1022.005(a).[6] Therefore, "[a] cause of action related to a guardianship proceeding of which the statutory probate court has exclusive jurisdiction . . . must be brought in the statutory probate court . . . ." TEX. ESTATES CODE ANN. § 1022.005(b). Although Hopkins County does not have a statutory probate court, it does have one statutory county court, the County Court at Law of Hopkins County. TEX. GOV'T CODE ANN. § 25.1141. Because Hopkins County does not have a statutory probate court, "the county court at law exercising original probate jurisdiction and the county court have concurrent original jurisdiction of guardianship proceedings, unless otherwise

---

[6]A "statutory probate court" is defined as "a court created by statute and designated as a statutory probate court under Chapter 25" of the Texas Government Code. TEX. ESTATES CODE ANN. § 1002.008(b).

7

provided by law." TEX. ESTATES CODE ANN. § 1022.002(b). Consequently, the County Court at Law of Hopkins County has original jurisdiction of guardianship proceedings in Hopkins County. *See* TEX. ESTATES CODE ANN. § 1022.002(a).

The County Court at Law of Hopkins County does not, however, have exclusive jurisdiction of matters related to guardianship proceedings. *See* TEX. ESTATES CODE ANN. § 1022.002(a); *cf.* TEX. ESTATES CODE ANN. § 1022.005(a) (statutory probate court has exclusive jurisdiction of all guardianships and most causes of action related to guardianship proceedings); *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding) (disavowing notion that "a county court sitting in probate attains exclusive jurisdiction over matters appertaining and incident to the estate once administration is opened there," stating, "[W]e have never explicitly reached such a conclusion."). Because there is no court in Hopkins County with *exclusive* jurisdiction over guardianship proceedings, the 62nd Judicial District Court of Hopkins County had subject-matter jurisdiction of Pense's declaratory judgment action. *See Giddens*, 2018 WL 792273, at *4 (although county court in which estate was pending would have had jurisdiction to hear suit to quiet title, the county court's jurisdiction was not exclusive); *Amoco Fed. Credit Union*, 506 S.W.3d at 183–84; *Gordon v. Jones*, 196 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (district court had subject-matter jurisdiction over land title dispute despite ongoing probate proceeding in county court).

We conclude that, because the 62nd Judicial District Court of Hopkins County had subject-matter jurisdiction to hear the underlying case, the summary judgment is not void. We overrule this point of error.[7]

*(2)      The Trial Court Did Not Err in Granting Summary Judgment on this Limited Question*

"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *Brown v. CitiMortgage, Inc.*, No. 06-14-00105-CV, 2015 WL 2437519, at *2 (Tex. App.—Texarkana May 22, 2015, no pet.) (mem. op.) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor." *Id.* (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

"The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing TEX. R. CIV. P. 166a(c)). "After the [movant] produces evidence entitling it to summary judgment, the burden shifts to the [nom-movant] to present evidence creating a fact issue." *Walker v. Harris*,

---

[7]In a related issue, Pense claims that, even if the district court had subject-matter jurisdiction, the County Court at Law of Hopkins County had dominant jurisdiction. *See Puig*, 351 S.W.3d at 305 (when jurisdiction of county court sitting in probate and district court are concurrent, issue is one of dominant jurisdiction). Because Pense did not raise the issue of dominant jurisdiction in the trial court, the error, if any, has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1; *Liberty Mut. Ins. Co. v. Transit Mix Concrete & Materials Co.*, No. 06-12-00117-CV, 2013 WL 3329026, at *13 (Tex. App.—Texarkana, June 28, 2013, pet. denied) (mem. op.). Pense's complaint that the district court did not have dominant jurisdiction would also be barred on estoppel grounds because he chose to file his lawsuit in the district court. *See Howell v. Mauzy*, 899 S.W.2d 690, 698 (Tex. App.—Austin 1994, writ denied) (plaintiff chose to pursue litigation in Travis County while aware of pendency of suit in different county). We also note that the presiding judge in the Guardianship Court sat by assignment in the district court to hear the motion for summary judgment.

924 S.W.2d 375, 377 (Tex. 1996) (citing *'Moore' Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972)). When, however, the non-movant's "evidence raises only a mere suspicion or surmise of a fact in issue, no genuine issue of material fact exists to defeat summary judgment." *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.) (citing *Wiggins v. Overstreet*, 962 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1998, writ denied); *see Alford v. Thornburg*, 113 S.W.3d 575, 588 (Tex. App.—Texarkana 2003, no pet.).

In his motion for summary judgment, Irvin claimed that (1) the trust order and the Trust Instrument transferred the Guardianship assets to the Trust, (2) the Trust Instrument authorized the transfer of Tract 7 from the Trust to PRP, (3) the Trust Instrument authorized the transfer of Tract 7 from PRP to Bennett, (4) the affidavits of correction executed with respect to transfers (2) and (3) corrected any inaccuracies in the deeds accomplishing those transfers, and (5) he was therefore entitled to judgment declaring proper the sale and transfer of Tract 7 to Bennett as the rightful fee simple owner of Tract 7. The trial court agreed that the evidence presented in support of these claims entitled Irvin to summary judgment on his declaratory judgment action.

In our examination of the propriety of the trial court's action, we look to the summary judgment record to determine whether title to Tract 7 was validly conveyed to Bennett. We begin our analysis with the Guardianship. On May 6, 2004, the Guardianship Court entered an Order Appointing Permanent Guardian of the Person and Estate of Pense. The inventory, appraisement, and list of claims filed by Irvin, in his capacity as guardian, listed Tract 7 as property belonging to the Guardianship Estate.

10

Three years later, in his capacity as guardian, Irvin filed an application in the Guardianship Court for the creation of a management trust. On May 17, 2007, the Guardianship Court entered an Order Creating Management Trust authorizing the creation of the Craig Harlan Pense Management Trust, Irvin D. Pense, trustee. On May 30, 2007, the Craig Harlan Pense Management Trust was created in accordance with the Guardianship Court's order. The following language in the Trust Instrument funded the Trust with the assets and properties comprising the Guardianship Estate:

> Settlor[8]. . . does by these presents convey, transfer, and assign unto the Trustee all of the assets and properties comprising the Guardianship Estate . . . . Such assets and properties shall be held, administered and distributed as a management trust, subject to the provisions hereof, and the provisions of the Code, for the uses and purposes hereinafter set out.

As a result, Tract 7—as an asset of the Guardianship Estate—became a Trust asset at the time the Trust Instrument was executed. Irvin was named trustee of the Trust and signed the Trust Instrument in his capacity as guardian of the person and estate of Craig Harlan Pense, an incapacitated person, settlor, and as trustee of the Trust.

On March 23, 2016, Irvin, in his capacity as guardian of the estate and person of Craig Harlan Pense, executed a warranty deed conveying Tract 7, among other properties, to PRP. On April 19, 2019, Irvin executed an affidavit of correction to the March 23, 2016, deed in accordance with Section 5.028 of the Texas Property Code,[9] to be effective as of March 23, 2016. The affidavit included the following corrections or clarifications to the original deed:

---

[8]The Trust Instrument listed Irvin, guardian of the person and estate of Craig Harlan Pense as settlor, for the creation of the management trust.

[9]Section 5.028 of the Texas Property Code provides, in relevant part:

The reference in the Original Instrument to my capacity as Irvin D. Pense, Guardian of the Estate and Person of Craig Harlan Pense is correct, but I am also the Trustee of the Craig Harlan Pense Management Trust. Accordingly, the Original Instrument is hereby corrected and clarified to reflect my capacity as Trustee of the Craig Harlan Pense Management Trust in addition to my capacity as Guardian, as follows: **"Irvin D. Pense, Guardian of the Estate and Person of Craig Harlan Pense, an incapacitated person, and Trustee of the Craig Harlan Pense Management Trust."**

The reference in the Original Instrument to the grantee, Pense Ranch Properties, L.L.C. is correct, but Pense Ranch Properties, L.L.C. is the Nominee of the Craig Harlan Pense Management Trust and serves in such capacity. Accordingly, the Original Instrument is hereby corrected and clarified to reflect the capacity of the grantee, Pense Ranch Properties, L.L.C., as Nominee, acting on behalf of the Craig Harlan Pense Management Trust, as follows: "Pense Ranch Properties, L.L.C., Nominee of the Craig Harlan Pense Management Trust."

On February 27, 2018, PRP executed a warranty deed, signed by Irvin, conveying Tract 7 to Bennett in consideration of $210,000.00. On April 19, 2019, Irvin executed an affidavit of correction to the February 27, 2018, deed in accordance with Section 5.028 of the Texas Property

---

(a)     A person who has personal knowledge of facts relevant to the correction of a recorded original instrument of conveyance may prepare or execute a correction instrument to make a nonmaterial change that results from a clerical error, including:

. . . .

(2)     an addition, correction, or clarification of:

(A) a party's name, including the spelling of a name, a first or middle name or initial, a suffix, an alternate name by which a party is known, or a description of an entity as a corporation, company, or other type of organization.

TEX. PROP. CODE ANN. § 5.028(a)(2)(A); *see Myrad Props., Inc. v. LaSalle Bank, N.A.*, 300 S.W.3d 746, 750 (Tex. 2009) ("a correction deed may be used to correct a defective description of a grantor's capacity" and relates back to the date of the deed it corrects). The affidavits of correction, having corrected the capacity of the grantor and grantee in the March 23, 2016, deed, were properly executed in accordance with Section 5.028 of the Texas Property Code.

12

Code, to be effective as of February 27, 2018. The affidavit included the following corrections or clarifications to the original deed:

> The reference in the Original Instrument to the grantor, Pense Ranch Properties, L.L.C. is correct, but Pense Ranch Properties, L.L.C. is the Nominee of the Craig Harlan Pense Management Trust and serves in such capacity. Accordingly, the Original Instrument is hereby corrected and clarified to reflect the capacity of the grantor, Pense Ranch Properties, L.L.C. as Nominee, acting on behalf of the Craig Harlan Pense Management Trust, as follows: **"Pense Ranch Properties, L.L.C., Nominee of the Craig Harlan Pense Management Trust."**[10]

We conclude that the transfers of Tract 7, as outlined above, resulted in the transfer of fee simple title of Tract 7 to Bennett. The Trust Instrument imbued the trustee with broad powers, among which was the authority to sell Trust properties. Article VIII of the Trust Instrument lists the powers of the trustee. And, "[w]here the language of the trust instrument is unambiguous and expresses the intentions of the maker, the trustee's powers are conferred by the instrument and neither the court nor the trustee can add or take away such power." *Beaty v. Bales*, 677 S.W.2d 750, 754 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.); *see Dallas Servs. For Visually Impaired Children, Inc. v. Broadmoor II*, 635 S.W.2d 572, 576 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) (executors had power to sell real property under provision of will that gave them same rights and powers to control, manage and dispose of estate that would have been given to trustees under Texas Trust Act).

As pertinent here, the Trust Instrument authorized the trustee to:

- "[P]artition, exchange, release, convey or assign any right, title or interest of the trust in any real estate or personal property owned by the trust";

---

[10]The affidavit of correction, having corrected the capacity of the grantor in the February 27, 2018, deed, was properly executed in accordance with Section 5.028 of the Texas Property Code.

13

- "[S]ell, exchange, alter, mortgage, pledge or otherwise dispose of trust property";

- "[E]xecute and deliver any deeds, conveyances, assignments, leases, contracts, stock or security transfer powers, or any other written instrument of any character appropriate to any of the powers or duties herein conferred on the Trustee"; and

- "[H]old title to investments in the name of the Trustee or a nominee."

In addition to these powers specified in the Trust Instrument, the Texas Trust Code authorizes "a trustee [to] exercise any powers . . . that are necessary or appropriate to carry out the purpose of the trust." TEX. PROP. CODE ANN. § 113.002. Those powers include the power to "contract to sell, sell and convey, or grant an option to sell real or personal property at public auction or private sale for cash or for credit or for part cash and part credit, with or without security." TEX. PROP. CODE ANN. § 113.010.

Yet, Pense claims that the trial court erred in granting summary judgment because he raised a fact issue regarding Irvin's breach of fiduciary duty in the transfer of Tract 7, resulting in an unlawful transfer of Tract 7 to Bennett.[11] A review of the record and the trial court's order resolves this issue.

---

[11]Pense claimed that the transfer of Tract 7 violated Section 113.053(a) of the Texas Property Code, which provides:

(a) Except as provided by Subsections (b), (c), (d), (e), (f), and (g), a trustee shall not directly or indirectly buy or sell trust property from or to:

(1) the trustee or an affiliate;

(2) a director, officer, or employee of the trustee or an affiliate;

(3) a relative of the trustee; or

(4) the trustee's employer, partner, or other business associate.

TEX. PROP. CODE ANN. § 113.053(a).

14

The petition in intervention focused on the title claim to Tract 7. It alleged that (1) Tract 7 was conveyed to the Trust and was held by Irvin as trustee; (2) The Trust Instrument authorized Irvin, as trustee, to convey Tract 7 to PRP to hold nominally for the benefit of the Trust; (3) PRP, as nominee of the Trust, was authorized to convey Tract 7 to Bennett; and (4) Bennett is the rightful fee simple owner of Tract 7. The Intervenor's motion for summary judgment therefore sought judgment declaring Bennet the fee simple owner of Tract 7 and dismissing, with prejudice, Pense's quiet title claims.

In response to the motion for summary judgment, Pense claimed that Irvin breached his fiduciary duty as trustee and that he violated Section 113.053 of the Texas Property Code as a result of the transfer of Tract 7.[12] He therefore claimed that this fact issue precluded the grant of summary judgment. The trial court did not, however, consider the issue of whether Irvin's alleged breach of fiduciary duty raised a fact issue sufficient to overcome Irvin's motion for summary judgment. This is clear from the summary judgment itself, which stated,

> The Court makes no findings or determinations in this case with respect to whether Mr. Irvin Pense's transfer of Tract 7 to Walter Mark Bennett and Alisa Ann Bennett was a breach of fiduciary duty to Craig Harlan Pense, but leaves that question for the jury to consider in Cause No. G04-00061, styled *In the Guardianship of Craig Harlan Pense*, *an Incapacitated Person*, pending in the County Court at Law of Hopkins County, Texas.

The trial court did not consider this issue because the same issue was then pending in the Guardianship Court. Pense has never contended otherwise. And Pense has made no complaint

---

[12]Because Section 113.053(a) of the Texas Property Code prohibits self-dealing with respect to property held in trust, its violation amounts to a breach of fiduciary duty. *See Snyder v. Cowell*, No. 08-01-00444-CV, 2003 WL 1849145, at *2 (Tex. App.—El Paso Apr. 10, 2003, no pet.) (mem. op.). In essence, Pense urged that the fiduciary duty claim was based, among other things, on a violation of Section 113.053(a). TEX. PROP. CODE ANN. § 113.053(a). Pense further claimed that the affidavits of correction did not dispel the conflict of interest that Irvin created.

15

in this Court that the trial court erred in failing to consider the issue of whether the alleged breach of fiduciary duty was sufficient to raise a fact issue to overcome summary judgment. Instead, Pense complains only that he raised a fact issue based on the alleged breach of fiduciary duty—a matter plainly not considered by the trial court. Pense was aware, not only at the time of the summary-judgment hearing, but also at the time the order was issued, that the trial court did not consider the alleged breach of fiduciary duty issue. Pense has not complained on appeal that the trial court erred in its refusal to consider that issue.[13] As a result, we may not address it. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex. 1990) (per curiam).

Because the trial court did not consider the breach of fiduciary duty issue, and because Pense did not object, on appeal, to that lack of consideration, Pense has offered nothing to contest the validity of the transfers as previously outlined. The trial court correctly concluded that Irvin was entitled to summary judgment as a matter of law. *See Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848; *Walker*, 924 S.W.2d at 377.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 5, 2020
Date Decided:       October 8, 2020

---

[13]To the extent that Pense complains of the trial court's failure to file findings of fact and conclusions of law, we overrule that issue. "[F]indings of fact and conclusions of law have no place in a summary judgment proceeding." *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *see Stephens v. City of Reno*, 342 S.W.3d 249, 253 (Tex. App.—Texarkana 2011, no pet.); *Simmons v. Healthcare Ctrs. of Tex., Inc.*, 55 S.W.3d 674, 679–80 (Tex. App.—Texarkana 2001, no pet.).